## NANCY SCHINDEL
### v.
## ROBERT AND KATHERINE CUMMINGS

## NANCY SCHINDEL
### v.
## PELICAN BEACH, INC., Appellant

No. 80-2718

United States Court of Appeals

Third Circuit

Argued April 28, 1981

Filed May 8, 1981

POLLY WINTER (Argued), CHARLES S. WAGGONER, II, St. Thomas, V.I., *for appellant*

WINSTON S. TAYLOR (Argued), St. Thomas, V.I., *for appellee*

Before ADAMS, WEIS and GARTH, *Circuit Judges*

## OPINION OF THE COURT

PER CURIAM:

The issue on this appeal is whether the District Court erred or abused its discretion in dismissing an appeal from a judgment of the Territorial Court because of the appellants' failure to comply with the Federal Rules of Appellate Procedure and the Rules of the Court of Appeals for the Third Circuit.

Five years ago, in December 1976, appellee Nancy P. Schindel filed an action in the Territorial Court seeking damages and injunctive relief against Pelican Beach, Inc., and Robert and Katherine Cummings for breach of several covenants set forth in a deed to property fronting on St. John's Bay. The trial court, on April 30, 1979, after a lengthy and careful opinion, ordered Pelican to install a gate to provide Schindel access to the beach, to construct ditches, drains or culverts that would permit proper drainage of the common roadways, and to pay $100 nominal damages. Pelican and Cummings filed a notice of appeal from the order, on May 17, 1979, but took no further steps to prosecute the appeal. On October 26, 1979, more than five months after the notice of appeal was docketed, Schindel filed a motion to dismiss the appeal based upon Fed. R. App. P. 3(a) and 12(c). The District Court, relying on the parties' memoranda, but without a hearing, granted the motion to dismiss on May 20, 1980. We affirm.

■ Since the adoption of the Territorial Court Act of the Virgin Islands in 1976, the Federal Rules of Appellate Procedure and the rules of the Court of Appeals for the Third Circuit have governed appeals from the Territorial Court to the District Court.[1] The federal rule of appellate procedure relevant to this case, Fed. R. App. P. 3(a), provides in pertinent part:

> Filing the Notice of Appeal. An appeal permitted by law as of right from a district court to a court of appeals shall be taken by filing a notice of appeal with the clerk of the district court within the time allowed by Rule 4. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal.

The straightforward question confronting us here is whether the District Court abused its discretion in granting appellee's motion to dismiss the appeal pursuant to Rule 3(a).

Initially, Pelican argues that one of the foundations for Schindel's motion to dismiss, Fed. R. App. P. 12(c), which authorizes an appellee to file a motion to dismiss an appeal "if the appellant shall fail to cause timely transmission of the record or to pay the docket fee if a docket fee is required,"[2] was abrogated effective August 1, 1979. This observation, however, does little to aid Pelican, for the District Court grounded its dismissal solely on Fed. R. App. P. 3(a). Consequently, the vitality of Rule 12(c) is not controlling in our evaluation of the District Court's order.

■ Moreover, Rule 12(c) *was* in effect when Pelican filed its notice of appeal on May 17, 1979, and was binding on Pelican until

---

[1] See 5 V.I.C. App. IV, Rule 176.

[2] Fed. R. App. P. 12(c), abrogated in August 1979, formerly read:

Dismissal for Failure of Appellant to Cause Timely Transmission or to Docket Appeal.

If the appellant shall fail to cause timely transmission of the record or to pay the docket fee if a docket fee is required, any appellee may file a motion in the court of appeals to dismiss the appeal. The motion shall be supported by a certificate of the clerk of the district court showing the date and substance of the judgment or order from which the appeal was taken, the date on which the notice of appeal was filed, the expiration date of any order extending the time for transmitting the record, and by proof of service. The appellant may respond within 14 days of such service. The clerk shall docket the appeal for the purpose of permitting the court to entertain the motion without requiring payment of the docket fee, but the appellant shall not be permitted to respond without payment of the fee unless he is otherwise exempt therefrom.

August 1, 1979. The pre-August 1979 Rules, which prescribed that the transcript be ordered within 10 days, see Fed. R. App. P. 10(b), and the record be transmitted within 40 days, see Fed. R. App. P. 11(a), clearly covered Pelican's conduct up to August 1979. Failure to conform to their mandate would have merited invocation of Rule 12(c) from June 27 onwards.

Pelican's second contention is equitable in nature. It asserts that it expected the District Court to provide it with notice of the docketing of the appeal together with a briefing schedule and notice of the bond to be set for appeal. Even if its expectations were not well founded, Pelican maintains that absolute dismissal is an overly drastic consequence for what it characterizes as an innocent error on its part.

The District Court's opinion, however, casts a different light on Pelican's claims of justifiable ignorance and good faith. It explained the situation as follows:

> A partial stay and an Order requiring Pelican to file a $25,000 supersedeas bond was entered on May 30, 1979. On July 20, 1979, a second Order of the Territorial Court was issued because Pelican had *failed to comply with the unstayed portion of the April 20th Order* and had *failed to post the supersedeas bond.* On August 2, 1979, the Territorial Court, at the very limit of its patience, granted Pelican an extension until August 20, 1979 (the original deadline was August 1st) to file a supersedeas bond
> . . . .
>
> Pelican submitted a supersedeas bond on August 8, 1979, but it did not comply with the prerequisites of the Territorial Court. Pelican explained, unsatisfactorily, that it had proceeded before obtaining a copy of the Territorial Court's August 2nd Order specifying the nature of the bond. Meanwhile, although Pelican has contended that it filed a proper bond, it has *failed to cause transmission of the record below to the District Court* and has *failed to submit any appellate memorandum.* In addition, Pelican's awareness of the discrepancy between the supersedeas bond submitted and the requirements listed by the Territorial Court has not prompted Pelican to submit a correct bond. In light of Pelican's unacceptable conduct in pursuing this appeal, the Court finds it appropriate to dismiss the appeal in accordance with its discretionary power under Rule 3(a).

Moreover, no evidence in the record indicates that the District Court's description of events is inaccurate.

■ ■ While dismissal is admittedly a drastic sanction, courts have followed, from time to time, such a course, a procedure authorized either by Fed. R. App. P. 12(c)[3] or 3(a).[4] Although failure to pay required fees, to file a bond if required, to obtain a certificate of probable cause, to secure transmission of the records, to provide the docket fee or to file a brief do not, per se, invalidate an appeal,[5] the failure to undertake any of the above requirements does provide sufficient grounds for a range of penalties, including dismissal.[6] The decision concerning the severity of the sanction rests in the sound discretion of the court in light of all the circumstances—including the substantiality of the questions presented on appeal, prejudice to the appellee and the perceived bona fides of the appellant.[7]

■ Here, Pelican does not appear to have ordered the transcript within ten days,[8] did not file a brief and appendix within forty days,[9] and was less than cooperative in complying with portions of the injunction and in posting the supersedeas bond. Because Schindel's right of access to the beach continued to be frustrated by these actions and because Pelican's contentions on appeal appear to be without substantial merit, we cannot say that the District Court

---

[3] See Pyramid Mobile Homes, Inc. v. Speake, 531 F.2d 743 (5th Cir. 1976) (dismissal of appeal from bankruptcy for delay in providing record and insuring its timely transmittal); Business Forms Finishing Service, Inc. v. Carson, 463 F.2d 966 (7th Cir. 1971) (dismissal of appeal from contempt holding for failure to transmit exhibits and file briefs within one year); Davis v. Smith, 253 F.2d 286 (3d Cir. 1958) (dismissal resulted when no steps aside from filing notice of appeal were taken to secure review of judgment in favor of a third party).

[4] See United States v. One Motor Yacht Named Mercury, 527 F.2d 1112 (1st Cir. 1975) (although no actual dismissal, condoned propriety of such action where no notice to appellees that less than complete transcript ordered, no stipulation of facts found below); P.A.A.C. v. Pizzo, 502 F.2d 306, 309 n.3 (3d Cir. 1974) (dismissal for failure to prosecute when party filed notice of appeal but did not submit brief).

[5] See 9 Moore's Federal Practice 203.12 (2nd Ed. 1980).

[6] See Alnajjar v. Ford Motor Co., 523 F.2d 6 (6th Cir. 1976); United States v. One Motor Yacht Named Mercury, 527 F.2d 1112 (1st Cir. 1975).

[7] See Pyramid Mobile Homes, Inc. v. Speake, 531 F.2d 743 (5th Cir. 1976).

[8] See Fed. R. App. P. 10(b). The requirement imposed by this Rule existed both before and after the August 1, 1979, amendment. The record in the present proceeding was transmitted four months after the appeal, on October 1, 1979, by the Territorial Court. See Appendix at 71. Under the pre-August 1, 1979, rules, the appellant was responsible for transmitting the record within 40 days to the court of appeals. See Rule 11(a). The Rules now in effect place this duty on the district court reporter and the clerk of the court of appeals.

[9] See Fed. R. App. P. 30(a); 31(a).

erred in resorting to dismissal in conformity with Fed. R. App. P. 3(a). Nor was the dismissal such an abuse of discretion as to amount to a manifest disregard of reason which would warrant reversal by this Court.

Accordingly, the order of the District Court will be affirmed.