**VINCENT GEORGES, JR., Appellant**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

**MEADE LAWRENCE,**
**Appellant**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

D.C. Civ. App. No. 96-193

Terr. Ct. Crim. Nos. F239-94 & F241-94

District Court of the Virgin Islands

Div. of St. Thomas and St. John

March 27, 1997

GEORGE H. HODGE, JR., ESQ., St. Thomas, U.S.V.I., *for Appellant Georges*

MAUREEN PHELAN CORMIER, ESQ., (Assistant Attorney General), St. Thomas, U.S.V.I., *for Appellee*

MOORE, *Chief Judge*, FINCH and STEELE, *Judges*

## ORDER OF THE COURT

PER CURIAM

Appellant Vincent Georges, Jr. ["Georges"] has moved this Court for bail pending appeal, contending that the Territorial Court Judge erred in denying his request for post-conviction release. The Government has opposed the motion, asserting that Georges is not eligible for release pending appeal of his conviction of a crime of violence.[1] For the reasons set forth below, this Court will deny appellant Georges' motion for bail pending appeal.

The record reveals that on July 30, 1996, the Territorial Court entered judgment against Georges based on a jury verdict convicting him of first degree robbery, unauthorized possession of a firearm, and unlawful possession of stolen property. After sentencing Mr. Georges to twenty years in jail,[2] the Territorial Court ordered him detained pending appeal. Georges now moves this Court for release pending appeal.

## DISCUSSION

■ The issue of the criteria for the judges of the Territorial Court and the Appellate Division to apply in determining release or detention after conviction and pending decision on appeal is one of first impression. The Appellate Division is charged with the independent review of the trial judge's decision to detain or release a defendant after sentence has been imposed and until an appeal is pending, while giving deference to the trial judge's factual findings. This independent review represents an intermediate level of scrutiny, which is more rigorous than the abuse-of-discretion or clear-error standards, but less stringent than plenary or *de novo*

---

[1] Further, the Government argued that Georges poses a danger to the community and a flight risk because he has two other criminal prosecutions pending against him. Since we dispose of the question on the first ground, we do not reach this contention.

[2] The court imposed concurrent sentences of three years and ten years on the firearm and stolen property counts, respectively, and a fine totaling seven thousand dollars ($ 7,000).

127

review. *See Karpouzis v. Government of the Virgin Islands,* Crim. No. 96-257, V.I. BBS 96 Cʀ 157 A.Dᴛ 1 (D.V.I. Aᴘᴘ. Mar. 27, 1997); *Smalls v. Government of the Virgin Islands,* 30 V.I. 82, 83 n.1 (D.V.I. Aᴘᴘ. 1994).

■■ We are again confronted with the necessity of adapting provisions of The Bail Reform Act, 18 U.S.C. §§ 3141-3150 ["BRA"], in this instance the sections covering post-conviction release and detention, so that they harmonize with the Virgin Islands law on bail and detention. We have recognized that Territorial Court Rule 141 governs the setting of bail before conviction and requires the trial judge to be guided by the BRA in determining the conditions for pretrial release of a non-dangerous defendant. *Karpouzis v. Government of the Virgin Islands,* Crim. No. 96-257, V.I. BBS 96 Cʀ 157 A.Dᴛ1. In arriving at this decision, this Court was required to parse the BRA to eliminate those provisions allowing pretrial detention in conflict with the substantive law of the Virgin Islands, which limits detention before conviction to certain specified dangerous offenses. This Court had already construed the provisions of V.I. Cᴏᴅᴇ Aɴɴ. tit. 5, § 3504a under which persons charged with dangerous crimes may be detained before trial. *Smalls v. Government of the Virgin Islands,* 30 V.I. at 83 n.1. For the reasons which follow, we hold that section 3143(b) of the BRA governs the determination of bail pending appeal.

The route by which the BRA becomes a source of law to be applied to post-conviction bail or detention decisions in the Territorial Court is somewhat circuitous, but, nevertheless, valid. Reviewing local law, we find that no Virgin Islands statute or Territorial Court rule provides for post-conviction release or detention, although Tᴇʀʀ. Cᴛ. R. 176 provides that appeals "shall be taken in accordance with Rule 76.1, Rules of Practice in the Appellate Division," Local Rules of Civil Procedure of the District Court. We are in turn directed by LRCi 76.1 to the Federal Rules of Appellate Procedure, Rule 9(c) of which makes applicable the relevant provisions of the BRA. *Accord, Schindel v. Cummings,* 18 V.I. 647, 649 (3d Cir. 1981). Since there is no Virgin Islands rule or statute on post-conviction bail or detention with which the BRA might conflict, it is appropriate to adopt those portions of section 3143 which are in harmony with the pretrial bail and detention

provisions of TERR. CT. R. 141(a) and 5 V.I.C. § 3504a. As we shall see, the net result is that a person convicted of a non-dangerous offense under Virgin Islands law may be released on bail and a person convicted of a dangerous offense must be detained, which is in harmony with our decisions in *Karpouzis and Smalls.*

■ Accordingly, the post-conviction portions of the BRA are adopted and made applicable in the Territorial Court and the Appellate Division, namely:

**(b) Release or detention pending appeal by the defendant.**

(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . , be detained, unless the judicial officer finds—

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of [the BRA][3] and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in —

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of [the BRA],

---

[3] These sections of the BRA are applicable in the Territorial Court, *see Karpouzis v. Government of the Virgin Islands,* Crim. No. 96-257, V.I. BBS 96 CR 157 A.DT 1 (Mar. 27, 1997).

except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal . . . .

In essence, the crimes of violence, offenses punishable by life imprisonment, and ten-year drug offenses listed in 18 U.S.C. §§ 3142 (f)(1) (A), (B), & (C)[4] are the same crimes for which pretrial detention is allowed in the Virgin Islands under 5 V.I.C. § 3504a. As thus adapted to conform to the law of the Virgin Islands, the BRA requires that a defendant convicted of a "dangerous" offense must be remanded to custody and detained until the appeal is decided. These "dangerous" offenses are defined as

murder in the first degree, rape in the first degree, arson in the first degree, robbery in the first degree, burglary in the first degree, kidnapping for ransom, or drug trafficking (which shall mean trafficking in marijuana, hashish, cocaine, dangerous drugs, morphine or opium as provided in Title 19, section 614a, Virgin Islands Code)

5 V.I.C. § 3504a(1).

---

[4] The text describing the kinds of offenses for which post-conviction detention is mandated under the BRA is:

(A) a crime of violence;

(B) an offense for which the maximum sentence is life imprisonment or death;

(C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.).

18 U.S.C. § 3142(f)(1)(C).

## CONCLUSION

Since Mr. Georges was convicted of one of these dangerous crimes, robbery in the first degree, the trial judge correctly remanded him to custody Georges pending appeal. The lower court had no discretion to release the appellant be detained pending appeal. An appropriate order follows.

## ORDER OF THE COURT

PER CURIAM

AND NOW, this 27th day of March, 1997, after careful review of the record and having considered the submission of the appellant; and for the reasons set forth in the Court's accompanying Opinion of even date;

IT IS ORDERED that appellant Georges' motion for bail pending appeal is DENIED, and it is

FURTHER ORDERED, that the above-captioned matters are CONSOLIDATED for purposes of appeal, and it is

FURTHER ORDERED, that all future filings regarding these appeals shall be captioned as noted above, except that the parties shall make every effort to file a joint appendix for both appeals using the lead docket number D.C. CRIM. NO. 96-193.

Appellant Georges' motion for bail pending appeal DENIED, and matters CONSOLIDATED for purposes of appeal.