S04A1014. GETKATE v. THE STATE.

(604 SE2d 838)

HINES, Justice.

After a bench trial in which facts were stipulated, Arend Hendrick Getkate was found guilty of one count of child molestation and three counts of aggravated child molestation. The trial court sentenced him to serve ten years in prison, followed by thirty years probation, and denied Getkate's motion for an appeal bond, citing the prohibition against such a bond, found in OCGA § 17-6-1 (g). Getkate contends that OCGA § 17-6-1 (g) violates the Georgia Constitution. Finding that it does not, we affirm.

OCGA § 17-6-1 (g) states in pertinent part that:

No appeal bond shall be granted to any person who has been convicted of murder, rape, aggravated sodomy, armed robbery, aggravated child molestation, kidnapping, trafficking in cocaine or marijuana, aggravated stalking, or aircraft

---

hijacking and who has been sentenced to serve a period of incarceration of seven years or more.

Getkate asserts that this statutory language violates the "separation of powers" provision of the Georgia Constitution of 1983, Article I, Section II, Paragraph III, which states: "The legislative, judicial, and executive powers shall forever remain separate and distinct. . . ." Getkate asserts that the judiciary has the inherent power to set a post-conviction bond in any criminal case, and that OCGA § 17-6-1 (g) is therefore a legislative invasion of what is exclusively the province of the judicial branch of government.

In addressing a challenge to the constitutionality of the precursor to current OCGA § 17-6-1 (g), then denominated as OCGA § 17-6-1 (d), on equal protection and due process grounds, this Court noted that there is no constitutional right to bond pending appeal, but that a state may create a system for prisoners to be released on bail pending appeal. *Browning v. State*, 254 Ga. 478, 479 (2) (330 SE2d 879) (1985). Creation of such a system is a legislative function. Id. at 480 (2) (a). In fulfilling that legislative function, the General Assembly has not invaded the province of the judiciary. Compare *Calhoun v. State Hwy. Dept.*, 223 Ga. 65, 67-68 (2) (153 SE2d 418) (1967).

*Judgment affirmed. All the Justices concur.*

BENHAM, Justice, concurring.

While I concur fully with this Court's holding in this case that OCGA § 17-6-1 (g) is not unconstitutional as a violation of the "separation of powers" provision of the Georgia Constitution, I write separately to decry the legislative decision to encroach on the discretion of trial courts to consider appeal bonds. Certainly in most of the cases set out in the statute, trial courts would not be inclined to grant a bond because of the seriousness of the crimes, the likelihood of flight, and the likelihood of additional offenses being committed. The discretion formerly granted superior court judges to permit appeal bonds in cases involving serious felonies was not without limit (see *Birge v. State*, 238 Ga. 88 (230 SE2d 895) (1976), adopting specific standards to be observed in considering appeal bonds), and required the trial court to consider the facts peculiar to each case and make judgments based on the trial court's unparalleled knowledge of the case. The absolute nature of the prohibition in OCGA § 17-6-1 (g), takes out of the hands of the one person best suited to decide whether the facts of a particular case, including the strength of the case and the likelihood of success on appeal, all discretion in considering whether a defendant should be trusted with freedom during the appeal process. Such "cookie-cutter" notions of justice weaken public perceptions of the fairness of the judiciary. Although the legislature

has the authority to do what it has done in the statute at issue here, I would urge it to consider that some decisions are best made at the point of contact between the citizenry and the judiciary. Whether to grant on appeal bond in cases such as the present is one of those decisions.

DECIDED NOVEMBER 8, 2004.

*Sexton & Morris, Lee Sexton*, for appellant.
*Tommy K. Floyd, District Attorney, Blair D. Mahaffey, Sandra G. Rivers, Assistant District Attorneys*, for appellee.