**THE PEOPLE OF THE VIRGIN ISLANDS, Appellant/Plaintiff**

**v.**

**ANTONIO GEORGE, Appellee/Defendant**

S. Ct. Crim. No. 2007-120

Supreme Court of the Virgin Islands

June 18, 2008

RICHARD S. DAVIS, ESQ., Assistant Attorney General, St. Thomas, U.S.V.I., *Attorney for Appellant.*

KYLE R. WALDNER, ESQ., Smock & Moorehead, St. Thomas, U.S.V.I., *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## MEMORANDUM OPINION

(June 18, 2008)

Appellant, the People of the Virgin Islands (hereafter "the People"), appeals the Superior Court order dismissing the Summons issued against Appellee, Antonio George (hereafter "George"). For the reasons which follow, this appeal will be dismissed for lack of jurisdiction.

## I. BACKGROUND

On June 14, 2007, George was driving a large open dump truck filled with washed gravel on behalf of his employer, Majestic Construction Company. Two Waste Management Authority (hereafter "WMA") officers received a call that a truck was hauling gravel which was being blown all over the streets. The officers responded to the call by locating the truck and pulling George over. They issued George a summons (No. 14451) which cited a violation of title 19, section 1563(16) of the Virgin Islands Code for "hauling overloaded loose gravel causing to [sic] litter in [a] public street." (Mem. Op. and Order 2) (alteration in original).

On July 25, 2007, George appeared in court to answer the charge against him. At the trial, the court heard testimony from witnesses for both parties. For the defense, George and an official from Majestic Construction Company testified 'that the dump truck was carrying newly purchased washed gravel that was being hauled for commercial purposes, not for waste disposal. The trial judge reserved his ruling and ordered the parties to brief the court on whether section 1563(16) applied to the facts of this case. Accordingly, the People filed a "Memorandum of Law Requesting Applicability of Title 19 V.I.C. § 1563(16) to Defendant's Conduct." George filed a response, and the People filed a "Supplementary Memorandum of Law." At the trial judge's request, the WMA filed an

amicus curiae brief. The amicus brief ultimately supported the People's position.

Thereafter, in an order entered on October 16, 2007, the trial court granted George's "Motion to Dismiss the Summons." Specifically, the judge stated that "when a truck spills a substance, such as gravel which is being hauled for a commercial purpose, the substance is not waste, and its dispersal by a vehicle is not covered by the Waste Management Act." (Mem. Op. and Order 6.) The People's Notice of Appeal was filed on November 7, 2007.

## II. DISCUSSION

Before this Court can decide the merits of the People's appeal, we must first determine if we have jurisdiction over this matter. "The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees [and] final orders of the Superior Court." V.I. CODE ANN. tit. 4 § 32(a). The trial court's "Memorandum and Order," entered on October 16, 2007, dismissed the charges against George with prejudice. Thus, the vital issue before us is whether the People have a right to appeal the dismissal order to this Court.

Title 4, section 33(d)(1) of the Virgin Islands Code provides that a "[i]n a criminal case[1] an appeal by the Government of the Virgin Islands shall lie to the Supreme Court from a decision, judgment, or order of the Superior Court . . . terminating a prosecution in favor of the defendant . . . *except that no appeal shall lie where the double jeopardy clause of the United States Constitution or the Revised Organic Act prohibits further prosecution.*" 4 V.I.C. § 33(d)(1) (emphasis added). According to the Revised Organic Act "no person for the same offense shall be twice put in jeopardy of punishment." The Revised Organic Act of 1954, § 3, 48 U.S.C. § 1561, *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 159-60 (1995) (preceding V.I. CODE ANN. tit. 1).

In a nonjury trial, jeopardy attaches when the first witness is sworn. *Gov't of the Virgin Islands v. George*, 680 F.2d 13, 15 (3d Cir.

---

[1] Title 19, section 1563(16) of the Virgin Islands Code is a penal statute because a person violating this statute "shall be guilty of a misdemeanor and upon conviction shall be fined in an amount of $1,000 for each offense, or be imprisoned for not less than one nor more than 180 days or both." 19 V.I.C. § 1562(a).

1982) (citing *Serfass v. U.S.*, 420 U.S. 377, 388, 95 S. Ct. 1055, 1062, 43 L. Ed. 2d 265 (1975)). In the instant action, the trial judge heard testimony from witnesses for both parties before reserving his ruling and requesting that the parties brief him on the applicability of the charging statute. Consequently, jeopardy attached at the trial level. Therefore, if this Court were to rule in the People's favor, this matter would be remanded to the trial court and George would be "twice put in jeopardy of punishment" for the same alleged offense. "There is no exception permitting retrial once the defendant has been acquitted, no matter how egregiously erroneous . . . the legal rulings leading to that judgment might be." *Gov't of the Virgin Islands v. Christensen*, 673 F.2d 713, 717 (3d Cir. 1982) (internal quotations omitted).[2]

█ The People have no right to appeal from a judgment of acquittal unless statutory authority expressly and clearly permits such an appeal. *See Arizona v. Manypenny*, 451 U.S. 232, 245, 101 S. Ct. 1657, 1666, 68 L. Ed. 2d 58 (1981); *Gov't of the Virgin Islands v. Rivera*, 333 F.3d 143, 147 (3d Cir. 2003). In this case, title 4, section 33(d)(1) of the Virgin Islands Code explicitly rejects the People's right to appeal when the Double Jeopardy Clause is implicated. Consequently, we lack jurisdiction over the present appeal.

## III. CONCLUSION

This Court lacks jurisdiction over this appeal because the People are not entitled to appeal from the trial court's "Memorandum and Order" acquitting George of the charge against him. Accordingly, we dismiss the People's appeal.

---

[2] We note that, since we do not reach the merits in this case, we make no determination as to the correctness of the trial court's ruling.