**PEOPLE OF THE VIRGIN ISLANDS, Appellant/Plaintiff**
**v.**
**MAKEEM PRATT, Appellee/Defendant**

S. Ct. Crim. No. 2008-013

Supreme Court of the Virgin Islands

November 14, 2008

DOLACE MCLEAN, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellant.*

HENRY L. FEUERZEIG, ESQ.; ASHLEE M. GRAY, ESQ., Dudley, Topper and Feuerzeig, LLP, St. Thomas, USVI, *Attorneys for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(November 14, 2008)

PER CURIAM. The People of the Virgin Islands (hereafter "People") appeal a February 4, 2008 Superior Court Order sentencing Appellee Makeem Pratt (hereafter "Pratt" or "Appellee") to six months probation in lieu of one year incarceration, which the People purport is the mandatory minimum sentence for unlawful possession of a firearm, the crime to which Pratt pled guilty. Pratt argues that the People have no authority to appeal Pratt's sentence because title 4, section 33(d) of the Virgin Islands Code does not allow the People to appeal a sentencing order. For the following reasons, we shall dismiss the People's appeal for lack of jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 26, 2005, Dwight Griffith, a Narcotics Task Force agent, was patrolling the area outside of Lionel Roberts stadium when he observed Pratt walking away from the basketball courts with the handle of a gun sticking out of his back pocket. Agent Griffith stopped Pratt, and a routine check with the firearms division of the Virgin Islands Police Department revealed that Pratt was not licensed to possess a firearm. Pratt was charged with unlawful possession of a firearm pursuant to title 14, section 2253(a) of the Virgin Islands Code and unlawful possession of ammunition pursuant to title 14, section 2256(a) of the Virgin Islands Code.

In exchange for dismissal of the unlawful possession of ammunition charge and the People's recommendation that he be sentenced to the minimum lawful sentence, Pratt pled guilty to unlawful possession of a firearm. A Change of Plea hearing occurred on January 15, 2008, to determine whether Pratt's guilty plea was entered into knowingly and voluntarily, and the trial court accepted the plea agreement. In an order entered February 4, 2008, the trial court sentenced Pratt to six months probation. The People timely filed its Notice of Appeal on February 25, 2008, contending that the trial court should have sentenced Pratt to a statutory-imposed mandatory minimum sentence of one year incarceration.

## II. DISCUSSION

■ Prior to considering the merits of an appeal, this Court must first determine if it has jurisdiction over the matter. *V.I. Gov't Hosp. and Health Facilities Corp. v. Gov't of the V.I.*, Civ. No. 2007-125, 2008 V.I. Supreme LEXIS 37, *3 (V.I. Sept. 16, 2008). It is well established that the People cannot appeal a criminal judgment "unless statutory authority expressly and clearly permits such an appeal." *People of the V.I. v. Antonio George*, 49 V.I. 504, 507 (V.I. 2008). *See also Arizona v. Manypenny*, 451 U.S. 232, 245, 101 S. Ct. 1657, 68 L. Ed. 2d 58 (1981); *Gov't of the V.I. v. Rivera*, 333 F.3d 143, 146 (3d Cir. 2003). In the Virgin Islands, title 4, section 33(d) of the Virgin Islands Code provides the People with the statutory authority to appeal certain criminal judgments.

Pratt argues that this statute does not permit the People to appeal Pratt's sentence. Pratt identifies title 4, section 33(d)(3) of the Virgin Islands Code as the only potentially applicable provision. This statute reads as follows:

> An appeal by the Government of the Virgin Islands shall lie to the Supreme Court from a decision or order, entered by the Superior Court, granting the release of a person charged with or convicted of an offense, or denying a motion for revocation of, or modifications of the conditions of, a decision or order granting release. The appeal shall be determined promptly.

V.I. CODE ANN. tit. 4, § 33(d)(3). According to Pratt, this statute does not apply because the trial court did not release him and no motion was filed "for revocation of, or modification of the conditions of a decision or order grant-ing release." (Appellee's Br. 2.) Therefore, Pratt requests that this Court dismiss the People's appeal for lack of jurisdiction.

The People, without citing to any legal authority other than the plain text of title 4, section 33 of the Virgin Islands Code, maintain that this Court has jurisdiction pursuant to section 33(d)(3). The People assert that they have a right to appeal Pratt's sentence "because it is based on an order entered by the Superior Court granting the release of a person who was charged with and convicted of an offense." (Appellant's Reply Br. 5.) Thus, the jurisdictional analysis turns on whether an order sentencing an individual to probation constitutes an "order . . . granting the release of a person charged with or convicted of an offense" pursuant to title 4, section 33(d)(3).

321

■ We agree that section 33(d)(3) does not authorize the People to appeal a sentencing order. Because section 33(d)(3) is modeled after its federal equivalent, 18 U.S.C. § 3731, which contains virtually identical language,[1] judicial decisions interpreting the federal statute shall assist this Court in interpreting the same clause found in our local statute. *See Brown v. People of the V.I.*, 49 V.I. 378, 381 (V.I. 2008).

■■ Federal appellate courts have consistently held that a "release" under 18 U.S.C. § 3731 does not refer to sentencing orders. Most on point, the United States Court of Appeals for the Ninth Circuit, in *United States v. Lane*, 284 F.2d 935, 937 (9th Cir. 1960), expressly held that 18 U.S.C. § 3731 does not allow the government to directly appeal an order sentencing the defendant to probation. Similarly, the United States Court of Appeals for the Second Circuit, in *United States v. Hundley*, 858 F.2d 58, 62 (2d Cir. 1988), interpreted the "release" language as referring to orders "relating to the *temporary* release of a person charged or convicted of an offense," and explicitly held that "[s]entencing orders are not included in the statute, nor are they even similar to any of the types of orders that are included." (emphasis added). That court further stated that because of the statute's "precisely drawn provisions" as well as "the well-settled principle that Government appeals must be *explicitly* authorized by Congress," the "conspicuous absence" of language expressly allowing appeals of sentencing orders meant that 18 U.S.C. § 3731 did not authorize the government to directly appeal a sentence. *Id.* (emphasis in original).

■ Consistent with the Second Circuit's observation that "release" refers to "temporary release," federal appellate courts that have exercised jurisdiction pursuant to 18 U.S.C. § 3731's "release" language have largely done so in cases dealing with pretrial release of a defendant, release of a defendant pending sentencing, or release of a defendant pending appeal. *See, e.g., United States v. Brannon*, 208 F.3d 227, 227 (10th Cir. 2000); *United States v. Evans*, 62 F.3d 1233, 1235 (9th Cir.

---

[1] The federal statute reads, in pertinent part:

An appeal by the United States shall lie to a court of appeals from a decision or order, entered by a district court of the United States, granting the release of a person charged with or convicted of an offense, or denying a motion for revocation of, or modification of the conditions of, a decision or order granting release.

18 U.S.C. § 3731.

1995); *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990); *United States v. Fernandez-Toledo*, 749 F.2d 703, 705 (11th Cir. 1985). Furthermore, the Bail Reform Act, which governs "release orders" in federal court, expressly references 18 U.S.C. § 3731 as one of the jurisdictional statutes authorizing appeals of release orders, providing greater support for the proposition that an "order . . . granting the release of a person charged with or convicted of an offense" refers to an order releasing a defendant pretrial, prior to sentencing, or pending appeal. 18 U.S.C. § 3145.

 In addition to considering judicial interpretations of the equivalent federal statute, this Court may also divine the Legislature's intent in passing title 4, section 33(d)(3) by examining the statute's other provisions. In particular, this Court will consider the language of the provision that directly follows section 33(d)(3), which reads as follows:

> An appeal by a defendant or person ordered detained pursuant to section 3504a, of title 5 of the Virgin Islands Code or other provision of law, shall lie to the Supreme Court from a decision or order, entered by the Superior Court, detaining a person charged with or convicted of an offense, or denying a motion for revocation of, or modification of the conditions of, a decision or order of detention. The appeal shall be determined promptly.

4 V.I.C. § 33(d)(4). The language found in section 33(d)(4) is largely identical to section 33(d)(3), with the primary difference being that section 33(d)(4) grants a defendant a right to appeal a detention order while section 33(d)(3) grants the government the related right to appeal a release order. Notably, section 33(d)(4) explicitly references title 5, section 3504a, a statute governing detention *prior to trial*. Given the nearly identical language, the reference to the pretrial detention statute, and the common requirement that these appeals "shall be determined promptly," we infer that the Legislature — like Congress when it passed 18 U.S.C. § 3731 — intended both section 33(d)(3) and section 33(d)(4) to confer this Court with jurisdiction to hear appeals related to the release and detention of defendants prior to trial, pending sentencing, and pending appeal, and not with jurisdiction to consider appeals of sentencing orders.

■For the foregoing reasons, we hold that we do not have jurisdiction to hear the instant appeal.[2] Because this Court lacks jurisdiction, it is not necessary or appropriate to consider the merits of the People's appeal.[3]

## III. CONCLUSION

This Court lacks jurisdiction to hear the People's appeal because neither title 4, section 33(d) of the Virgin Islands Code nor any other statute authorizes the People to appeal a sentencing order. Accordingly, we dismiss the People's appeal.

---

[2] We note that our decision does not leave the People without remedy to correct a purportedly illegal sentence imposed by a trial court. The United States Supreme Court has held that, while the government may not directly appeal a trial court's order imposing an illegal sentence, it may file a petition for writ of mandamus requesting that the higher court vacate the illegal order. See Ex parte United States, 242 U.S. 27, 37 S. Ct. 72, 61 L. Ed. 129 (1916). See also United States v. Denson, 588 F.2d 1112, 1127-28 (5th Cir. 1979) (holding that writ of mandamus is the appropriate vehicle for government to challenge trial court's erroneous order sentencing defendant to probation when Federal Probation Act explicitly barred granting probation to defendants convicted of crimes punishable by life imprisonment); United States v. Stokes, 365 A.2d 615, 617 (D.C. 1976) (holding that government may challenge sentence via a petition for writ of mandamus).

[3] We note that, since we do not reach the merits in this case, we make no determination as to the correctness of the trial court's sentence.