**WILLIS C. TODMANN, Appellant/Defendant**
**v.**
**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Criminal No. 2012-0078
Supreme Court of the Virgin Islands
October 22, 2012

541

MICHÈLE BAKER, ESQ., Moore, Dodson & Russell, P.C., St. Thomas, USVI, *Attorney for Appellant.*

KIMBERLY L. SALISBURY, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(October 22, 2012)

PER CURIAM. Appellant Willis C. Todmann has filed motions requesting that this Court grant him bail pending appeal and stay imposition of sentence pending consideration of his bail request pursuant to Supreme Court Rule 8(d). Since neither the United States Congress nor the Virgin Islands Legislature has created a right to bail pending appeal for proceedings in Virgin Islands local courts, we deny the motions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

At the conclusion of a trial held from October 13, 2011 through October 18, 2011, a jury found Todmann guilty of numerous charges stemming from activities performed while employed with the

Government Employees Retirement System.[1] After considering various post-trial motions, the Superior Court orally sentenced Todmann on July 27, 2012 and memorialized its decision in an August 7, 2012 Judgment and Commitment. Although Todmann made oral and written motions for bail pending appeal, the Superior Court denied both requests.

Todmann timely filed his notice of appeal on August 9, 2012, along with motions for bail pending appeal and to stay imposition of sentence. On the same day, this Court denied both motions without prejudice due to Todmann's failure to accompany the documents with relevant portions of the Superior Court record. On August 10, 2012, Todmann reported to the Bureau of Corrections to begin serving the incarcerative portion of his sentence. Todmann filed renewed motions later that day, and completed filing all pertinent transcripts and other documents on August 17, 2012. The People of the Virgin Islands timely filed its opposition shortly thereafter.

Upon reviewing the respective filings, this Court recognized that both parties relied exclusively on Supreme Court Rule 8(d) and federal statutory law for the proposition that this Court possesses the authority to grant a convicted defendant bail pending appeal or to otherwise stay the execution of a sentence. Therefore, this Court, in a September 11, 2012 Order, directed the parties to file supplemental briefs specifically addressing the statutory or constitutional basis for this Court's authority — if any — to grant bail or release to a convicted defendant pending appeal. Both parties timely filed their supplemental briefs on September 25, 2012.

## II. DISCUSSION

The Court has jurisdiction over this criminal appeal pursuant to title 4, section 32(a) of the Virgin Islands Code. However, an appellate court does not possess the inherent authority to order the release of a convicted defendant pending appeal simply because it has jurisdiction to review the underlying judgment. *See Getkate v. State*, 278 Ga. 585, 604 S.E.2d 838, 839 (2004). Therefore, while this Court is vested with the authority to overturn a conviction, it cannot — absent some other authority — order

---

[1] This Court summarized the facts leading to these charges in *People v. Todmann*, 53 V.I. 431, 434-36 (V.I. 2010).

the release of a convicted defendant before it adjudicates the appeal on the merits. We hold, for the reasons that follow, that Todmann has failed to establish that such authority exists in the Virgin Islands.

## A. Supreme Court Rule 8(d) Cannot Create a Right to Bail Pending Appeal

■ Supreme Court Rule 8(d), which is captioned "Motion for Release Pending Appeal in Criminal Case," establishes a comprehensive framework for the adjudication of motions requesting bail or release pending appeal from a final judgment in a criminal case. However, Rule 8(d) provides that "[t]he decision regarding release must be made in accordance with Virgin Islands law." Under Virgin Islands law, a court may not promulgate a court rule that creates or alters substantive rights. *See* 48 U.S.C. § 1611(c) ("The rules governing the *practice and procedure* of the courts established by local law . . . shall be governed by local law or the rules promulgated by those courts.") (emphasis added); *Gov't of the V.I. v. Durant*, 49 V.I. 366, 373 (V.I. 2008). "A substantive rule of law . . . creates and defines the rights, duties, and obligations that are subsequently administered by procedural rules of law." *Id.* (quoting *In re Richards*, 52 F. Supp. 2d 522, 528, 40 V.I. 161 (D.V.I. App. Div. 1999)). "While a procedural rule may affect a substantive right, any such effect must be incidental and may not materially modify a right granted by the substantive rule of law." *Id.* (quoting *In re Richards*, 52 F. Supp. 2d at 528).

■ "[T]he doctrine of separation of powers applies with respect to the coordinate branches of government in the Virgin Islands." *Smith v. Magras*, 124 F.3d 457, 465, 37 V.I. 464 (3d Cir. 1997). Thus, it "naturally follows" that this Court cannot exercise executive or legislative powers. *In re Richards*, 213 F.3d 773, 783, 42 V.I. 469 (3d Cir. 2000). As noted above, the decision to "create a system for prisoners to be released on bail pending appeal . . . is a legislative function." *Getkate*, 604 S.E.2d at 839. Therefore, Supreme Court Rule 8(d) cannot, without more, vest this Court with authority to grant Todmann bail pending appeal or otherwise permit his release prior to adjudication of this appeal on the merits.

544

## B. A Right to Bail Pending Appeal Does Not Exist Under the United States Constitution

■ In his supplemental brief, Todmann — without citing to any modern case law[2] — contends that the Eighth and Fourteenth Amendments to the United States Constitution[3] require this Court to grant bail pending appeal to convicted defendants. But as the People correctly note in their appellate brief, appellate courts have consistently held that no provision in the United States Constitution requires the government to authorize the release of convicted defendants on bail.[4] *See, e.g., Brown v. Wilmot*, 572 F.2d 404, 405 (2d Cir. 1978) ("It is clear that there is no absolute federal constitutional right to bail pending appeal after a conviction in the state courts. However, once a state provides for bail in that circumstance, the Eighth and Fourteenth Amendments impose certain limitations on the state court's discretion to grant or refuse bail." (citation omitted)); *Hamilton v. New Mexico*, 479 F.2d 343, 344 (10th Cir. 1973) ("A state prisoner has no absolute federal constitutional right to bail pending appeal." (citations omitted)); *Bloss v. Michigan*, 421 F.2d 903, 905 (6th Cir. 1970) (same); *Sellers v. Georgia*, 374 F.2d 84, 85 (5th Cir. 1967) (holding no constitutional right to bail pending appeal); *Smith v. State*, 345 Ark. 472, 48 S.W.3d 529, 532 (2001) ("[N]othing in . . . the United States Constitution guarantees a person convicted of a crime the right to bail pending appeal."). *See also* Michael A. DiSabatino, *Right of Defendant in State Court to Bail Pending Appeal from Conviction —*

---

[2] In his supplemental brief, Todmann primarily relies on numerous ancient English legal authorities that significantly predate the adoption of the United States Constitution, including the Magna Carta, The Statute of Westminster the First, and the English Bill of Rights Act of 1689. However, given that numerous appellate courts have unambiguously held that the United States Constitution does not require a jurisdiction to authorize the release of convicted defendants pending appeal, we decline to rely on these English authorities to interpret the Eighth and Fourteenth Amendments of the United States Constitution.

[3] Congress has extended the Eighth Amendment, as well as the Due Process Clause of the Fourteenth Amendment, to the Virgin Islands through section 3 of the Revised Organic Act of 1954.

[4] Todmann relies on *Hudson v. Parker*, 156 U.S. 277, 15 S. Ct. 450, 39 L. Ed. 424 (1895), for the proposition that one may receive bail after conviction. However, that decision clearly states that federal statutory law — and not the United States Constitution — conferred on the United States Supreme Court the authority to order bail in that matter. *See id.* at 282-83 ("*By those statutes* . . . any justice of this court . . . may, in or out of court, allow the writ of error, sign the citation, take the requisite security for the prosecution of the writ of error, and grant a supersedeas . . . .") (emphasis added).

*Modern Cases*, 28 A.L.R. 4th 227, § 2a (1984) ("[T]he United States Constitution does not guarantee a state criminal defendant a right to bail pending appeal from a conviction . . . .") (collecting cases). Consequently, the United States Constitution does not compel this Court to — in the absence of any other authority — grant bail pending appeal.

### C. Section 3 of the Revised Organic Act of 1954 Only Permits Bail Prior to Conviction

█ The Revised Organic Act of 1954, 48 U.S.C. § 1541 *et seq.*, is "the Virgin Islands' equivalent of a [state] constitution" that serves as the basic charter of government in the territory. *Brow v. Farrelly*, 994 F.2d 1027, 1032, 28 V.I. 345 (3d Cir. 1993) (citations omitted). Thus, like a state constitution, it is possible for the Revised Organic Act to confer on Virgin Islanders greater protections than those required by the United States Constitution. *See Murrell v. People*, 54 V.I. 338, 351 n.6 (V.I. 2010).

█ This Court, in several decisions relating to the pretrial detention of defendants prior to conviction, recognized that the Revised Organic Act creates a right to bail for most criminal defendants. *See Williams v. People*, 53 V.I. 514, 522 (V.I. 2010); *Tobal v. People*, 51 V.I. 147, 160 (V.I. 2009); *Browne v. People*, 50 V.I. 241, 257-58 (V.I. 2008). Specifically, this Court observed that section 3, known as the "Bill of Rights," provides that "[a]ll persons shall be bailable by sufficient sureties in the case of criminal offenses, *except for first degree murder* or any capital offense when the proof is evident or the presumption is great." *Browne*, 50 V.I. at 247 (emphasis in original) (quoting 48 U.S.C. § 1561).

██ The People, in its supplemental brief, contend that section 3 does not create a right to post-conviction bail. Moreover, Todmann concedes in his brief that this Court's prior decisions are distinguishable from the circumstances presented in this appeal, since they all related to pretrial release of defendants who had not yet been convicted. Nevertheless, "because the parties cannot stipulate to the law, especially in a situation such as this where the decision may impact other pending or future cases," *Matthew v. Herman*, 56 V.I. 674, 682 (V.I. 2012), we must determine whether the pertinent language in section 3 also creates a right to bail pending appeal. We conclude that it does not. As the People correctly note in its brief, it appears that the appellate courts of every state whose constitutions contain language similar or identical to that found in section 3 have held that the phrase "[a]ll persons shall be bailable by

sufficient sureties in the case of criminal offenses" only creates a right to bail prior to trial, and does not authorize a court to allow for post-conviction bail. *See, e.g., State v. Wassillie*, 606 P.2d 1279, 1282-83 (Alaska 1980); *State v. Currington*, 108 Idaho 539, 700 P.2d 942, 943 (1985); *State ex rel. Bretz v. Sheriff of Lewis and Clark Cnty.*, 167 Mont. 363, 539 P.2d 1191, 1192 (1975); *Pisano v. Shillinger*, 814 P.2d 274, 276 (Wyo. 1991); *Ex parte Herndon*, 18 Okla. Crim. 68, 192 P. 820, 822 (1920); *De Coningh v. City of Daytona Beach*, 103 So.2d 233, 235-36 (Fla. Ct. App. 1958). As in *Browne* and *Tobal*, we find no reason to interpret section 3 any differently than the similar constitutional provisions construed by these courts. Accordingly, we hold that section 3 of the Revised Organic Act only creates a right to bail prior to trial, and creates no right to bail pending appeal or any other post-conviction release.

### D. The Virgin Islands Legislature Has Not Codified a Right to Bail Pending Appeal

■ Even though the United States Constitution and the Revised Organic Act do not create a right to bail pending appeal, they clearly do not forbid it. Therefore, the Virgin Islands Legislature possesses the discretion to enact laws governing the subject, at least with respect to those defendants convicted of offenses other than first degree murder.[5] *See Browne*, 50 V.I. at 256-58; *cf. Ramirez v. People*, 56 V.I. 409, 422 n.6 (V.I. 2012) (noting Legislature possessed power to adopt statute providing greater protections with respect to involuntary confessions than United States Constitution). According to Todmann, the Virgin Islands Legislature has conferred on this Court the statutory authority to grant bail pending appeal. We disagree.[6]

---

[5] Since the United States Congress possesses plenary authority over the Virgin Islands, it may also enact a federal statute extending a right to bail pending appeal to Virgin Islands local courts. Congress, however, has only extended the federal Bail Reform Act, which provides such a right, to prosecutions in the District Court of the Virgin Islands. *See Gov't of the V.I. v. Ortiz*, 427 F.2d 1043, 1048, 7 V.I. 521 (3d Cir. 1970); *see also* 18 U.S.C. § 3143.

[6] We recognize that, in *People v. Pratt*, 50 V.I. 318, 323 (V.I. 2008), this Court noted that sections 33(d)(3) and (4) of title 4 "confer this Court with jurisdiction to hear appeals relating to the release and detention of defendants prior to trial, pending sentencing, and pending appeal. . . ." This language, however, constituted dicta, in that the sole question before this Court was its jurisdiction to hear an appeal, brought by the government, of a judgment sen-

547

In his supplemental brief, Todmann primarily relies[7] on the provisions of chapter 301 of subtitle 3 of title 5 of the Virgin Islands Code for the proposition that the Legislature has authorized bail pending appeal. Specifically, Todmann argues that section 3504 of title 5, which provides that "[t]he judges of all the courts of the Virgin Islands shall have power . . . to grant bail in bailable cases," permits this Court to release a convicted defendant on bail. As a threshold matter, we note that the first section found in chapter 301 of subtitle 3 of title 5 provides that "this subtitle applies both to actions in the district court and to actions in the Superior Court, within their respective jurisdictions," 5 V.I.C. § 3501(a), and the remainder of subtitle 3 makes no reference to the Supreme Court

tencing a criminal defendant to probation. *See id.* at 320. Therefore, our fleeting reference to release pending appeal in the *Pratt* decision should not be construed as conclusively resolving the deeper issue of whether a Virgin Islands local court may grant bail pending appeal. *See Sakamoto v. Duty Free Shoppers, Ltd.*, 764 F.2d 1285, 1288 (9th Cir. 1985) ("We do not view these cases as controlling precedent on the applicability of [a provision because in] those cases, this court simply assumed that the [provision] applied, but the issue was never raised or discussed. Such unstated assumptions on non-litigated issues are not precedential holdings binding future decisions." (citing *United States v. L.A. Tucker Truck Lines*, 344 U.S. 33, 37-38, 73 S. Ct. 67, 97 L. Ed. 54 (1952))).

[7] Todmann also relies on (1) section 2 of title 4 of the Virgin Islands Code, which identifies this Court as the court of last resort in the Virgin Islands and vests it with judicial power; (2) section 34 of title 4, which permits this Court to create court rules; and (3) sections 31(b)(2) and 32(b) of title 4, which confer on each justice of this Court the authority to issue all writs necessary to protect its jurisdiction, including writs of habeas corpus. However, as explained earlier, the right to create a right to bail pending appeal is not a judicial function, but a legislative one. *Getkate*, 604 S.E.2d at 839. Additionally, the Legislature has decreed that this Court may not promulgate rules that "abridge, enlarge or modify any substantive right of any party," 4 V.I.C. § 34(b), and authorizing the release of a convicted criminal defendant, in the absence of any other authority, clearly modifies substantive rights. Moreover, local law only authorizes judicial officers to issue a writ of habeas corpus if a person is "unlawfully imprisoned or restrained of his liberty," 5 V.I.C. § 1301, and thus this Court could not issue such a writ if neither the United States Constitution, Congress, nor the Legislature has conferred on Todmann a right to obtain bail or release pending appeal.

We do, however, agree with Todmann that — in some instances — it may be necessary for an appellate court to stay execution of a criminal judgment in order to protect its own jurisdiction. For example, a stay of a death sentence pending appeal would clearly be warranted in order to provide an appellate court with a meaningful opportunity to adjudicate the appeal on the merits, since any acquittal, new trial, or reduced sentence ordered on appeal would be of no solace to a defendant who has already been executed. However, the Virgin Islands does not allow for capital punishment, and requiring Todmann to begin serving the incarcerative portion of his sentence immediately would not in any way frustrate this Court's ability to fashion an appropriate remedy in the event he is successful in overturning any of his convictions.

or proceedings before an appellate court. However, even if section 3504 encompasses the Supreme Court, that provision — by its own terms — only permits a judge to grant bail "in bailable cases." Clearly, stating that a judge may grant bail in a case where bail may be granted sheds no light as to what cases bail is permitted. *Cf. Matthew*, 56 V.I. at 684-85 (holding existence of statute creating a statute of limitations for amatory torts not evidence that Legislature intended to establish those causes of action).

 Upon review of the remaining provisions found in chapter 301 of subtitle 3 of title 5, it is clear that the Legislature only intended for Virgin Islands local courts to provide bail prior to trial. Section 3504a exclusively addresses pretrial detention and release. The next section provides that a defendant released on bail may have bail forfeited if he "does not appear to be arraigned at the time set for arraignment, or does not appear at the time of trial or at any time during the trial or for judgment." 5 V.I.C. § 3505. And section 3506 refers to requiring additional bail for "a person previously admitted to bail on a criminal charge," *see* BLACK'S LAW DICTIONARY 265, 431 (9th ed. 2009) (defining "criminal charge" as "a formal accusation of an offense as a preliminary step to prosecution"), with section 3507 providing for issuance of a bench warrant "for failure of the defendant to appear for judgment." Clearly, chapter 301, when viewed as a whole, addresses only pretrial bail.

 Our conclusion is further bolstered by chapter 311 of subtitle 3 of title 5, which addresses execution of a judgment for imprisonment. Pursuant to that enactment,

> [i]f the judgment is for imprisonment . . . the defendant shall be committed to the custody of the proper officer, and by him detained until the judgment is complied with. The marshal shall take and deliver the defendant to the authorized representative of the Commissioner of the Public Safety or of the Attorney General of the United States, as the case may be. He shall also deliver to such representative the certified copy of the judgment, and take from the representative a receipt for the body of the defendant.

5 V.I.C. § 3671(b). In other words, the Legislature clearly intends for the defendant to begin to serve the incarcerative portion of his sentence immediately after the judgment has been memorialized into writing and certified

■■■■ ■■■■■■■■■ ■■■■

by the clerk.[8] Thus, we agree with the Appellate Division of the District Court that "no Virgin Islands statute . . . provides for post-conviction release" in the nature of or equivalent to bail pending appeal.[9] *Georges v.*

---

[8] We note that section 3671(a) provides that a marshal shall execute a judgment of conviction "[u]pon the expiration of any stay of execution to which the defendant may be entitled." 5 V.I.C. § 3671(a). We do not believe the "stay of execution" referenced in this provision should be construed as conferring plenary authority onto an appellate court to grant bail pending appeal, given that numerous provisions in federal and local law may require a court to stay execution of a sentence. For instance, the Superior Court may, in certain cases, stay execution of the incarcerative portion of a sentence and place the defendant on probation. 5 V.I.C. § 3721. Moreover, 28 U.S.C. § 2251 authorizes a federal court to stay execution of a state sentence pending review of a habeas corpus petition. *See Vargas v. Lambert*, 159 F.3d 1161, 1165-66 (9th Cir. 1998). And, as noted in footnote 9, *infra*, until the creation of this Court, all appeals of criminal convictions in the Virgin Islands — whether based on federal or local law — were heard by federal courts, which could apply federal procedural rules and substantive law to stay a sentence pending appeal.

Even in the absence of statutory authority, the United States Constitution may also require a stay in certain rare instances to prevent irreparable injuries of a constitutional magnitude. For example, federal courts have held that the Double Jeopardy Clause of the Fifth Amendment permits a court to stay or otherwise enjoin any portion of a criminal proceeding — presumably including execution of the judgment — if such proceeding would violate the prohibition against double jeopardy. *See, e.g., Davis v. Herring*, 800 F.2d 513, 516 (5th Cir. 1986). Moreover, in certain cases the Eighth Amendment's prohibition on cruel and unusual punishment may require releasing a convicted defendant pending appeal, or delaying execution of the sentence, so that he may receive necessary medical treatment for a serious condition that cannot be effectively treated while incarcerated. *See, e.g., Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). None of these situations, however, are applicable to Todmann's motion for release pending appeal.

[9] Although not discussed by any of the parties in their respective briefs, we recognize that section 3673 of title 5 provides that "[e]xcept as provided in . . . Rule 38 of the Federal Rules of Criminal Procedure, the sentence of imprisonment of any person convicted of an offense . . . shall commence to run from the date on which he is received at the penitentiary, reformatory, or jail for service of the sentence." The current version of Federal Rule 38 provides that "[i]f the defendant is released pending appeal, the court must stay a sentence of imprisonment." FED. R. CRIM. P. 38(b)(1). As noted above, we have doubts that the existence of a provision requiring a trial court to stay a sentence of imprisonment if an appellate court orders the release of a defendant pending appeal, without more, confers an appellate court with authority to grant release pending appeal. *Cf. Matthew*, 56 V.I. at 684-85. Additionally, we note that at the time section 3673 was initially adopted and last amended, the District Court possessed virtually exclusive jurisdiction over most criminal offenses, and heard appeals of the few criminal offenses that were within the jurisdiction of Virgin Islands local courts. Since appeals from the District Court would be heard by the United States Court of Appeals for the Third Circuit — a court which would be required to apply federal procedural rules and federal substantive bail law, including provisions related to release pending appeal — we are doubtful that the reference to Federal Rule 38 in section 3673 represents a legislative decision to create a right to release pending appeal, as much as an acknowledgement

*Gov't of the V.I.*, 958 F. Supp. 245, 247, 36 V.I. 126 (D.V.I. App. Div. 1997).[10]

### III. CONCLUSION

 The United States Constitution and the Revised Organic Act of 1954 do not create a right for convicted criminal defendants to receive bail pending appeal. Neither does any act of Congress or the Virgin Islands Legislature. Under these circumstances, this Court — notwithstanding Supreme Court Rule 8(d) — is not persuaded that it possesses the authority to order the release of Todmann or any other convicted criminal defendant pending appeal.[11] Rather, this Court, absent extraordinary circumstances, may only release a convicted defendant from incarceration after it has heard his appeal and, after adjudicating it

---

by the Legislature that a federal court may invoke Federal Rule 38 to release a defendant. Significantly, neither section 3673, Federal Rule 38, nor any other provision of law applicable to Virgin Islands local courts confers a trial court the plenary right on the trial court to release a defendant pending appeal, further indicating that the Legislature did not intend to create a substantive right to bail pending appeal, but only sought to recognize the authority of the District Court and the Third Circuit, premised on substantive federal law, to grant bail.

Given the above, we are not persuaded that the Legislature, through section 3673, intended to create a substantive right to bail pending appeal. Nevertheless, since the parties have not briefed us on this issue, we do not foreclose revisiting the impact of section 3673 in an appropriate case. However, even if we were to construe the reference to Federal Rule 38 in section 3673 as conferring on this Court the right to release a defendant pending appeal — a holding which we neither endorse, nor reject, through this Opinion — we would nevertheless deny Todmann's motion on the merits since he has failed to meet his burden of showing that a release pending appeal is warranted.

[10] While the Appellate Division ultimately held in *Georges* that it would nevertheless grant the defendant bail pending appeal pursuant to various federal authorities, that case was decided more than a decade before this Court, in *Browne* and *Tobal*, clarified the relationship between the Bail Reform Act, the Federal Rules of Criminal Procedure, and Virgin Islands local courts. Given our holdings in *Browne* and *Tobal*, the absence of any legislation establishing a right for a convicted defendant to receive bail pending appeal precludes this Court from nevertheless applying federal substantive law to grant bail to Todmann.

[11] In his supplemental brief, Todmann notes that he filed two motions with this Court — one for bail pending appeal, and one to stay his sentence pending this Court's consideration of his motion for bail pending appeal. However, it is well established that a court may not issue a temporary stay if it lacks the authority to grant the ultimate relief requested. *Cf. Kutzner v. Cockrell*, 303 F.3d 333, 338 (5th Cir. 2002) (holding appellate court may not grant stay of execution pending consideration of successive habeas petition when successive habeas petition is itself not permitted). In other words, the fact that this Court may lack authority to grant Todmann's motion for bail pending appeal precludes this Court from staying execution of his sentence pending consideration of that motion.

on the merits, concluded that the defendant is entitled to an acquittal, a new trial, or a similar remedy.

 We recognize that our decision herein results in disparate treatment between defendants convicted in the Superior Court and those tried in the District Court. However, we reiterate that while it is "regrettable, . . . as with many differences between the federal and local courts, such disparate treatment is unavoidable." *Browne*, 50 V.I. at 257 n.19. But unlike the disparate treatment of first-degree murder defendants with respect to pretrial detention — which has been codified by Congress through the Revised Organic Act — we emphasize that the Virgin Islands Legislature may, if it chooses to do so, establish a statutory right to bail pending appeal. Nevertheless, "[w]hile the local judiciary may certainly petition the legislature for expanded powers, it may not unilaterally vest them upon itself." *Richards*, 213 F.3d at 784. Accordingly, while we regret that Supreme Court Rule 8(d) — a rule promulgated before *Durant, Browne*, and similar cases — may have provided Todmann with the false hope that this Court could grant him bail pending appeal, we have no choice but to deny his motions.