**FILED**
January 18, 2024 05:26 PM
ST-2022-CV-00247
TAMARA CHARLES
CLERK OF THE COURT



**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**
**\*\*\*\*\*\*\***

| | |
|---|---|
| SENATOR STEVEN D. PAYNE, SR., an Elected Member of the 34th Legislature and Ms. Noellise Powell, ) ) ) ) Plaintiffs, ) ) v. ) ) DONNA FRETT-GREGORY as Senator and President of the 34th Legislature of the Virgin Islands and its Membership, ) ) ) ) Defendants. ) ) | CIVIL NO. ST-22-CV-00247  ACTION FOR DAMAGES, DECLARATORY JUDGMENT and INJUNCTIVE RELIEF  Cite as: 2024 V.I. Super 4 |

**TRESTON E. MOORE, ESQ.**
MOORE, DODSON, RUSSELL & WILHITE, P.C.
14A Norre Gade
P.O. Box 310
St. Thomas, V.I. 00804-0310
*Attorneys for the Plaintiffs*

**JOSEPH B. ARELLANO, ESQ.**
ARELLANO & ASSOCIATES
No. 4 & B Kongens Gade
P.O. Box 11899
St. Thomas, V.I. 00801
*Attorneys for the Defendants*

## MEMORANDUM OPINION

¶1.     **BEFORE THIS COURT** are two motions to dismiss filed by Defendants Donna Frett-Gregory, as Senator and the President of the 34th Legislature and the membership of the 34th Legislature filed on August 10, 2022, and September 30, 2022, respectively. Plaintiffs, then-Senator-At-Large Steven D. Payne, Sr. ("Payne" or "Senator") along with his constituent, Ms. Noellise Powell ('Powell'), have filed their oppositions to the motions to dismiss on September 12, 2022, and October 21, 2022. Defendants filed a consolidated reply on November 21, 2022. Both motions raise the same arguments and for the reasons that follow, this Court will deny the motions.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

¶2.     This case stems from events that occurred on February 28, 2022, on the island of St. Croix. U.S. Virgin Islands. Steven D. Payne, Sr. Senator-At-Large who was elected to the 34th Legislature

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory*
*as Senator and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

of the Virgin Islands, was working in the St. Croix District. On the day in question, Payne's office manager asked him to give a ride to one of his female staff employees after a meeting of the Committee on Homeland, Justice and Public Safety to the Kings Alley Hotel where they both were staying. Upon arrival at the hotel, Senator Payne carried the employee's duffel bag to the hotel. Once inside the hotel, and during the course of travel, the interactions between Senator Payne and the employee eventually resulted in accusations of sexual misconduct against the Senator.

¶3. Following the incident, the 34th Legislature began its own investigation concerning the allegations of sexual misconduct. By letter dated April 19, 2022, Senate President Donna Frett-Gregory requested the Committee on Ethical Conduct, consisting of five senators, to convene and conduct an investigation into the allegations of sexual harassment and to report the findings and make recommendations to the legislative body. Three hearings were conducted on May 17, 2022, June 6, 2022, and July 6, 2022. Payne responded and denied all allegations. On July 19, 2022, the 34th Legislature adopted Bill No. 34-0287 imposing sanctions against Senator Payne in the form of suspension for fifty (50) consecutive days without pay and a letter of reprimand for violations of the Code of Ethical Conduct. The Bill also provided "this suspension commences on July 21, 2022 and ends on September 27, 2022. The suspension of Senator Steven D. Payne, Sr., does not affect the Senator's staff or Senator Payne's ability to manage the affairs of his senatorial office." On July 20, 2022, the 34th Legislature amended the bill by adopting Amendment No. 34-588, which authorized the expulsion of Senator Payne on the identical grounds to those in the Bill, i.e., for violation of the code of conduct and for the Legislature's zero tolerance of sexual harassment policy.

¶4. On July 25, 2022, Plaintiffs filed an action for injunctive relief against Defendants seeking a temporary restraining order and preliminary injunction to prevent Senator Payne's expulsion from the 34th Legislature of the Virgin Islands and an appointment in the seat by his competitor, Angel L.

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory*
*as Senator and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

Bolques Jr., in the Senate Democratic Party primary election scheduled to occur on August 6, 2022. Upon the action being brought to the Court's attention, the swearing-in ceremony of Angel Bolques Jr. had already taken place. Hence, the Court issued an Order in this matter on July 27, 2022, denying Plaintiffs' motion for a temporary restraining order as moot. Plaintiffs thereafter filed their initial complaint dated July 28, 2022, seeking both declaratory judgment and injunctive relief in addition to a claim for damages.

¶5.     On August 10, 2022, Defendant Donna Frett-Gregory in her capacity as the President of the 34th Legislature filed a motion to dismiss the action on the following grounds: (1) Plaintiffs failed to join indispensable parties, namely, the other fourteen (14) senators of the Virgin Islands Legislature; (2) the instant lawsuit violates Section 6(d) of the Revised Organic Act of 1954 ("ROA"), which grants immunity to all senators for their votes in the Senate; (3) the lawsuit violates Section 6(g) of the ROA that defines the Legislature as the "sole judge" of qualifications of its members; (4) the remedy sought by Plaintiff Payne seeking damages violates Section 2(b) of the ROA; and (5) Plaintiff Payne failed to present his constitutional due process challenges to the Senate or, in the alternative, waived or abandoned them.

¶6.     Following the Senate President's motion to dismiss, Plaintiffs filed an opposition on September 12, 2022, essentially challenging the Legislature's authority to expel Senator Payne under Section 6(g) of the ROA and denying the remaining allegations. On September 30, 2022, the 34th Legislature responded to the Plaintiffs' complaint, by adopting and incorporating in full the motion to dismiss filed by its co-Defendant, Senate President Donna Frett-Gregory. On October 21, 2022, Plaintiffs filed an opposition denying Defendants' allegations on nearly identical grounds asserted in their first opposition that was filed on September 12, 2022.

¶7.     On November 21, 2022, Defendants filed a consolidated reply to the Plaintiffs' two (2)

3

Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory
as Senator and President of the 34th Legislature et al.
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

oppositions, where they challenged this Court's jurisdiction based on the separation of powers and the non-justiciable political question doctrines. Defendants further argued, *inter alia*, that the unanimous decision to expel Senator Payne by the fourteen (14) senators was fully supported by the record before them and that Plaintiffs' arguments are non-meritorious in that regard. Finally, Defendants contested reference to Title 14 V.I.C. § 104 in the context of constitutional due process issues as inapplicable to the case at hand.

## II.     APPLICABLE LEGAL STANDARD FOR DISMISSAL

¶8.     Defendants contend that the Plaintiffs' lawsuit should be dismissed for: (1) lack of subject matter jurisdiction because the issues raised before the Court present non-justiciable political questions that are rooted in the doctrine of separation of powers, and for (2) failure to join an indispensable party under Rule 19, i.e., all fourteen senators of the 34th Legislature, including Angel Bolques, Jr., Payne's successor. Virgin Islands Rule of Civil Procedure 12(b) lists defenses to a claim for relief, which a party may assert by motion. Specifically, V.I. R. Civ. P. 12(b)(1) offers relief for lack of subject-matter jurisdiction and V.I. R. Civ. P. 12(b)(7) allows dismissal for failure to join a party under Rule 19. The Court will address the standard for each defense in turn.

### A.  Rule 12(b)(1) - Subject-Matter Jurisdiction

¶9.     Virgin Islands Rule of Civil Procedure 12(b)(1) provides that a party may move for dismissal on the basis that the trial court lacks subject-matter jurisdiction. Subject-matter jurisdiction defines the court's authority to hear a given type of case. *Joseph v. Legislature of the Virgin Islands*, 2017 WL 7660718, at *2 (V.I. Super. 2017), 2017 V.I. Lexis 175; *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (*citing United States v. Morton*, 467 U.S. 822, 828 (1984)). If the trial court lacks subject-matter jurisdiction, the dismissal should be without prejudice because a determination that subject matter jurisdiction is lacking does not constitute a decision on the merits

4

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory*
*as Senator and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

of the case. *Id.*

¶10.    This Court notes that all motions to dismiss based on Rule 12(b)(1) are not the same.[1] "The applicable standard of review under Rule 12(b)(1) differs depending on whether the moving party has made a facial attack or a factual attack on the court's power to hear the case."[2] In a facial attack, the argument assesses a claim on its face, specifically arguing its failure to sufficiently establish subject-matter jurisdiction.[3] When considering a facial attack, the court accepts the allegations within the complaint as true, considering them in the light most favorable to the non-moving party. *Id. (citing Williams v. Juan F. Luis Hosp.*, para. 4). In contrast, a factual attack occurs "when a defendant disputes the existence of certain jurisdictional facts ..." and a factual attack may only occur "after the allegations of the complaint have been controverted." *Tutu Park, Ltd.*, para. 6. Thus, in determining which standard applies, the Court looks at the specific challenge raised by the movant. *Brewley v. Government of the Virgin Islands*, 59 V.I. at 102 (2012).

¶11.    In this matter *sub judice*, Defendants did not challenge any specific facts addressed in the complaint, therefore, none of the facts in the Plaintiffs' complaint form the basis for the instant motion. Instead, Defendants asserted that this Court does not have subject-matter jurisdiction to hear the case as the matter before it interferes with the affairs of the legislative branch of government. Defendants' first assertion is that the Legislature is immune against any judicial inquiries based on the "Speech or Debate" Clause of Section 6(d) of the ROA. Defendants' second argument is based on the allegation that the Court cannot challenge the Legislature's authority to expel its members

---

[1] See *Brewley v. Gov't of the Virgin Islands*, 59 V.I. 100 (V.I. Super. Ct. Feb. 9, 2012); *James-St. Jules v. Thompson*, 2015 V.I. LEXIS 74, (V.I. Super. Ct. June 25, 2015); *Klotzbach v. V.I. Water & Power Auth.*, 2016 V.I. LEXIS 28 (V.I. Super. Ct. Mar. 29, 2016); *Gardiner v. V.I. Hosps. & Facilities Corp.*, 2016 V.I. LEXIS 157 (V.I. Super. Ct. Oct. 4, 2016).

[2] *Tutu Park, Ltd. v. Gov't of the Virgin Islands*, 2019 V.I. Super 30U para. 6 (quoting *James-St. Jules v. Thompson*, No. SX-09-CV-136, 2015 WL 13187393 *2, 2015 V.I. LEXIS 74 (V.I. Super. Ct. June 25, 2015) (unpublished)).

[3] *Racz v. Cheetham*, 2019 V.I. Super 99U para. 8 (*citing Williams v. Juan F. Luis Hosp.*, 2019 V.I. Super 56U para. 3).

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory*
*as Senator and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

because the Legislature is the "sole judge" of its members qualifications, and not the Court.

¶12. First, the Court recognizes the Legislature's authority to discipline its membership, but only a court can determine whether such discipline occurred in violation of the U.S. Constitution, the Revised Organic Act of the Virgin Islands of 1954, or an external statute. It is for the Court to determine whether any right or protection granted under the U.S. Constitution, the Revised Organic Act, or a law was violated during the disciplinary process. The movants generally assert that the challenge of the Legislature's actions by the judicial branch presents a non-justiciable political question. The 34th Legislature contests the truth of Plaintiff's factual allegations, that is, *inter alia*, Plaintiff's assertion that he was denied due process, and introduces evidence that controverts Plaintiff's claims. Defendants argued Plaintiff had notice, at every step during the process, the opportunity to be heard and Plaintiff was in fact heard. The Legislature's assertions mostly constitute factual attacks as they concern the Court's "actual ability to hear the case based on facts, or the lack thereof, as developed in the record." *Virgin Islands Tel. Corp. v. Mills*, 2018 WL 3120823, at *1 (V.I. Super. 2018) (citation and internal quotation omitted). Accordingly, the Court may "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.*

**B. Rule 12(b)(7) and Rule 19 (a)(1)(A) - Failure to Join an Indispensable Party**

¶13. In reviewing a motion to dismiss under Rules 12(b)(7) and 19, the court must accept all allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the non-moving party. *See Jurimex Kommerz Transit G.M.B.H. v. Case Corp.*, 65 Fed. Appx. 803, 805 (3d Cir. 2003). It is the movant's burden to prove that a non-party is indispensable to the adjudication of the action. *Fed. Home Loan Mortgage Corp. v. Commonwealth Land Title Ins. Co.*, No. 92-CV-5255, 1993 U.S. Dist. LEXIS 4051, 1993 WL 95494, at *5 (E.D. Pa. March 31,

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory*
*as Senator and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

1993). Rule 19 governs when joinder of a party is mandatory. The Third Circuit has determined that courts considering a Rule 19 motion must undertake a two-step inquiry. *See General Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 2007 WL 2416771, at *3 (3d Cir. 2007); *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 404 (3d Cir. 1993). First, the initial determination the court must make is whether the absent party is "necessary" to the action under Rule 19. *Gen. Refractories Co.*, 500 F.3d 306, 2007 WL 2416771, at *3. A party is "necessary" under Rule 19(a) if joinder is feasible. *See* V. I. R. Civ. P. 19(a). If the court determines the party is "necessary", the party must be joined. *Gen. Refractories Co.*, 500 F.3d 306, 2007 WL 2416771, at *3. If a party does not satisfy the requirements of 19(a), the Court need not inquire further. *Temple v. Syntheses Corp.*, 498 U.S. 5, 8, 111 S. Ct. 315, 112 L. Ed. 2d 263 (1990). If the party is necessary, but may not feasibly be joined under Rule 19(a), the court must turn to the second step in the inquiry. *See id.* Where the court determines that a party must be joined under Rule 19(a), but doing so would be procedurally infeasible (e.g., where joinder of the party would destroy diversity of the parties and thus, jurisdiction of the court), the court looks to Rule 19(b) to determine if "in equity and good conscience," the party is "indispensable"--that is, whether "the action should proceed among the parties before it, or should be dismissed." V.I. R. Civ. P. 19(b); *see Janney*, 11 F.3d at 405. *American Home Mortgage, Corp. v. First American Title Ins. Co.*, 2007 U.S. Dist. LEXIS 83337, *7-9.

¶14. Since Virgin Islands Rule of Civil Procedure 8(a)(2) explicitly states that the Virgin Islands is a notice pleading jurisdiction, a plaintiff merely needs to provide a basic legal and factual basis for his

7

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory*
*as Senator and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

claim to put a defendant on fair notice of the claims brought against him.[4] In fact, "the complaint need not identify the particular legal theories that will be relied upon, but it must describe the essence of the claim and allege facts sufficient to demonstrate that the complaining party has been injured in a way that entitles him or her to relief."[5] Pleadings ... must be "fatally defective before they may be rejected as insufficient."[6] The purpose of the notice pleading standard is to avoid "dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief."[7]

¶15.    In making the plausibility determination, the Virgin Islands Supreme Court in *Joseph v. Bureau of Corrections*, 54 V.I. 644, 649-50 (V. I. 2011) adopted the following framework:

> "First, the court must take note of the elements a plaintiff must plead to state a claim so that the court is aware of each item the plaintiff must sufficiently plead. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. These conclusions can take the form of either legal conclusions couched as factual allegations or naked assertions devoid of further factual enhancement. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief."[8]

If the remaining facts are sufficient for the court to draw a reasonable inference that the defendant is liable based on the elements the plaintiff must plead, then the claim is considered plausible. *Id.*

## III.    LEGAL DISCUSSION

¶16.    The motions to dismiss set forth five main issues brought for resolution before this Court:

1.    The first issue is whether Plaintiffs' failure to join the other fourteen (14) senators of the 34th

---

[4] *Bank of Nova Scotia v. Flavius*, Super. Civ. No. SX-16-CV-125, 2018 WL 745958, at *6 (Super. Ct. Feb. 2, 2018); see also *Mills-Williams v. Mapp*, 67 V.I. 574, 585 (2017).

[5] *Howe v. MMG Ins. Co.*, 95 A.3d 79, 81-82 (Me. 2014) (internal quotation marks omitted).

[6] *Corwin v. British American Tobacco PLC*, 796 S.E.2d 324, 333 (N.C. Ct. App, 2016).

[7] *Basic Servs., Inc. v. Gov't of Virgin Islands*, No. S.CT.CIV. 2017-0084, 2019 WL 2488037, at *4 (V.I. June 13, 2019) (citing V.I. R. Civ. P. 8 Reporter's Note; and *Mills-Williams*, 67 V.I. 574 at 585).

[8] See also *Barshinger v. Legislature of Virgin Islands*, No. ST-11-CV-24, 2012 WL 4793846, at *1 (V.I. Super. Ct. Sept. 28, 2012); see also *Santiago v. Warminster Tp.*, 629 F.3d 121, 130 (3d Cir.2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 881 (2009)).

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory*
*as Senator and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

Legislature violated V.I.R. Civ. P. 19(a)(1)(A).

2. The second issue touches upon a question whether Defendants are "immune" against any judicial intrusions pursuant to the "Speech or Debate" clause of Section 6(d) of the ROA.

3. The third issue presents the major discussion of this case. It revolves around the question whether the 34th Legislature being the "sole judge" of qualifications of its members under Section 6(g) of the ROA had the authority to expel Senator Payne from the office.

4. The fourth issue raises the question of whether Plaintiffs' pursuit of damages violates Section 2(d) of the ROA.

5. The fifth and final issue addressed by the Defendants is whether Plaintiff Steven Payne failed to raise constitutional challenges before the Senate during investigative and disciplinary hearings.

¶17. In addition to the written representations, the Court also heard oral arguments in relation to these motions on January 10, 2023. Although the parties were allowed to argue matters on the merits at the hearing, the Court will address each issue in turn as it pertains to the motions to dismiss.

### A. The Superior Court's Jurisdiction.

¶18. As a preliminary matter, the Superior Court has jurisdiction over the instant case and is not barred from review for several reasons. First, pursuant to 4 V.I.C. Section 76(a), the Superior Court has original jurisdiction over all civil actions regardless of the amount in controversy.[9] Since the Plaintiffs challenge, *inter alia*, Defendants' decision to expel Senator Payne from the 34th Legislature and seek equitable relief in the form of compensatory damages, the matter is civil in nature. Therefore, this Court's subject matter jurisdiction is established.

---

[9] *Haynes v. Ottley*, 61 V.I. 547, 554 (2014).

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory*          Cite as: 2024 V.I. Super 4
*as Senator and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

¶19. Second, and more importantly, throughout their written and oral arguments, Defendants maintained that this lawsuit must be dismissed because it presents a non-justiciable political question that is beyond the scope of this Court's jurisdiction on grounds of separation of powers.[10] Defendants averred that the Court may not act as a "super parliamentarian" and second guess the decision of the fourteen (14) senators that resulted in expulsion of Senator Payne.[11] In response, Plaintiffs countered that their action is not barred by the political question doctrine, because they did not request the Court review the validity of the internal rules of the 34th Legislature or to verify whether the Legislature abided by its own rules when expelling Senator Payne.[12] *See Transcript of Motion Hearing.* Plaintiffs conceded that although under the separation of powers doctrine, request for such review would present a nonjusticiable political question and interfere with the legislative branch, instead, their goal was to establish whether the 34th Legislature violated the external sources of law, to wit: the U.S. Constitution and the ROA when it ultimately decided to expel Senator Payne from the Senate under Section 6(g) of the ROA.[13]

¶20. It is well-established that the Revised Organic Act of 1954 "divides the power to govern the territory between a legislative branch, an executive branch, and a judicial branch," reflecting that "Congress 'implicitly incorporated the principle of separation of powers into the law of the territory.' *Kendall v. Russell*, 572 F.3d 126, 135 (3d Cir. 2009) (quoting *Smith v. Magras*, 124 F.3d 457, 465 (3d Cir.1997)) (citations omitted); *see also Gerace v. Bentley*, 65 V.I. 289, 301 (V.I. 2016); *Balboni v. Ranger Am. of the V.I., Inc.*, 70 V.I. 1048, 1084 (V.I. 2019) (stating Congress delegated certain

---

[10] Defendants' Consolidated Reply p. 2.

[11] *Ibid* at p. 9.

[12] Transcript, at p. 120:1-21.

[13] Plaintiffs' oppositions to the motions to dismiss dated September 12, 2022, and October 21, 2022 (preliminary statements).

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory
as Senator and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

powers to the Virgin Islands Government and "established a system of separation of powers within its branches."); *Todmann v. People of the V.I.*, 57 V.I. 540, 543 (V.I. 2012). The doctrine prohibits one branch of government from exercising powers of the other two. *Bryan v. Fawkes*, 61 V.I. 201, 212 (V.I. 2014). It is also true that under the political question doctrine, "certain cases present questions that are non-justiciable." *See Goodwin v. U.S. Federal Election Comm'n*, 2012 WL 4009903, at *6 (D.V.I.2012); *see also Barshinger v. Legislature of Virgin Islands*, No. ST-11-CV-24, 2012 WL 4793846, at *2 (V.I. Super. Ct. Sept. 28, 2012). A matter is non-justiciable when "a concern over the separation of powers between coordinate branches of government is so inextricably intertwined to the case at hand that a judicial forum would be an inappropriate place for resolution of that issue." *Id.*, (citing *Baker v. Carr*, 369 U.S. 186, 217 (1962)). Courts typically decline to interfere with the internal workings of the legislative branch when a matter concerns a legislature's violation of its own internal rules. *See Brown v. Hansen*, 973 F.2d 1118, 1122 (3d Cir.1992). However, in cases when a legislative body violates some external source of law, such as a constitutional or statutory provision, the matter is justiciable. Consequently, courts may rule on legislative compliance with external laws, i.e., the ROA or the United States Constitution or some external law. *Hansen at 1124; see also Mapp v. Lawaetz*, 882 F.2d 49, 55 (3d Cir. 1989).

¶21.    This Court is mindful that "the people of the Virgin Islands speak through the voice of the Legislature" and the judiciary does not sit to second-guess its informed judgment. *Azille v. People of the V.I.*, 59 V.I. 215, 228 (V.I. 2012). With this general principle in mind, the Court turns to the appropriate standard of judicial scrutiny for each claim raised by the Plaintiffs.

¶22.    Plaintiffs raised at a minimum two constitutional challenges to the 34th Legislature's decision to expel Senator Payne from the Senate. Their first claim is that the decision to expel Payne violated Section 6(g) of the ROA because the phrase "sole judge of qualifications of its members and

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory*
*as Senator and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

elections" does not preempt an authority to expel a duly elected member from the Legislature. According to Plaintiffs, Section 6(g) is solely restricted to legislature's functions to act as a "gatekeeper" and "filter" of incoming candidates for the office. Second, Plaintiffs claim that the illegal expulsion caused a violation of Senator Payne's constitutional due process rights under the premises of the Fourteenth Amendment. As a result, Senator Payne was deprived of his office and a salary. In addition to the above-referenced claims, Plaintiffs also raised concerns that the Legislature's ultimate decision to substitute a lesser punishment (suspension and a letter of reprimand) with greater punishment (expulsion) violated the spirit of the double jeopardy clause of 14 V.I.C. § 104.

¶23.    In evaluating Plaintiffs' constitutional and statutory challenges, this Court has determined that Plaintiffs' concerns touch upon statutory interpretation of the U.S. Constitution and the ROA, hence the judicial forum is the appropriate place for the resolution of those issues. To reiterate, this Court has not been asked to review whether the 34th Legislature complied with its internal rules when disciplining Senator Payne. Therefore, as a guardian of the U.S. Constitution and the Revised Organic Act, this Court has subject matter jurisdiction over the instant matter.

### B. Joinder of indispensable parties under V.I.R. Civ. P. 19(a)(1)(A) and (B)(i).

¶24.    Having concluded that this Court has jurisdiction over the subject matter, this Court turns to the question whether the Plaintiffs failed to comply with V.I.R. Civ. P. 19. Pursuant to V.I.R. Civ. P. Rule 19(a)(1)(A) and (B)(i),

> "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

12

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory*
*as Senator and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

> (i) as a practical matter impair or impede the person's ability to protect the
> interest."

The party seeking joinder need only establish that one of the grounds under Rule 19(a)(1) exists. *Whyham v. Piper Aircraft Corp.*, 96 F.R.D. 557, 560 (M.D.Pa.1982); *see also Koppers Co. v. Aetna Cas. & Sur. Co.*, 158 F.3d 170, 175 (3d Cir.1998). Under Rule 19(a)(1), the Court must first "ask whether complete relief may be accorded to those persons named as parties to the action in the absence of any missing parties." *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 313 (3d Cir. 2007). In making that determination, the Court weighs the factors below and considers whether the suit can proceed "in equity and good conscience" without the necessary party. *See* V.I.R. Civ. P. Rule 19(b)(1)-(4).

¶25. In determining whether a party is indispensable, a court should consider: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties, (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided, (3) whether a judgment rendered in the person's absence will be adequate, and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. *Id; see also Seneca Nation of Indians v. New York*, 383 F.3d 45, 48 (2d Cir. 2004).

¶26. These factors "are not exhaustive, but they are the most important considerations in deciding whether to dismiss the action." *Gardiner v. Virgin Islands Water & Power Auth.*, 145 F.3d 635, 640 (3d Cir.1998). "Due to the equitable nature of the inquiry, there is no precise formula for determining whether a necessary party is indispensable." *Gateco, Inc. v. Safeco Ins. Co. of Am.*, Civ. No. 05-2869, 2006 U.S. Dist. LEXIS 23386, at *5 (E.D.Pa. Apr. 26, 2006) (citation omitted). The party moving for dismissal for failure to join an indispensable party "has the burden of producing evidence showing

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory*
*as Senator and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." *Holland v. Fahnestock & Co., Inc.*, 210 F.R.D. 487, 494 (S.D.N.Y.2002) (*quoting Citizen Band Potawatomi Indian Tribe v. Collier*, 17 F.3d 1292, 1293 (10th Cir.1994)). "If a non-party is necessary, cannot be joined, and is indispensable, the action cannot proceed and must be dismissed." *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 403 (3d Cir. 1993).

¶27. Without specifically citing V.I.R. Civ. P. Rules 12(b)(1) and (7), Defendants argued, *inter alia*, that Plaintiffs' complaint must be dismissed for lack of subject-matter jurisdiction and failure to join a party under Rule 19. The moving Defendants maintained that this case should be dismissed because Payne failed to join or name indispensable parties, i.e., the other fourteen (14) senators of the 34th Legislature, in violation of V.I.R. Civ. P. 19(a)(1)(A),[14] including his replacement, Senator Angel Bolques, Jr., pursuant to V.I.R. Civ. P. 19(a)(1)(B)(i), because, as it relates to Senator Bolques, Jr., the reinstatement sought by Plaintiff Payne would serve to the detriment of Bolques, Jr. and result in his expulsion from the Senate. *Id.* at fn. 23; *see also Id., Transcript at p.* 55, lines 2-11. With respect to the latter, Defendants argued during the hearing that the reinstatement of Senator Payne would also result in violation of the separation of powers doctrine because it would potentially occur through this Court's order and not by means of democratic voting process of the citizens of the Virgin Islands.[15] Defendants are correct on this issue. But, the only case Defendants cited to support this argument of joinder is *Richards v. Jones*, 47 V.I. 197, 201 (V.I. Super. Ct. 2005), where the trial court ordered the joinder of the members of the Committee on Ethical Conduct. Senator Richards was accused of sexually harassing two female staff employees in the Twenty-fifth Legislature and brought suit for declaratory judgment and injunctive relief against Senate President David Jones. Richards had not

---

[14] Defendant Donna Frett-Gregory's Motion to Dismiss, pp. 11-13; see also Defendants' Consolidated Reply, pp. 2-3.
[15] Transcript, at p. 50:11-19; see also at p. 52:18-24.

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory*
*as Senator and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

served the Defendants at the time of filing his Complaint and subsequently filed a First Amended Complaint within the time permitted by law followed by proper service of the Defendants. In contrast, Payne brought suit against Donna Frett-Gregory as Senator and President of the 34th Legislature and the Membership of the 34th Legislature and properly served the Executive Director of the Legislature. Hence, *Richards* is inapplicable.

¶28. Next, it is true that a court order reinstating Plaintiff Payne in his senatorial capacity followed by an expulsion of Senator Angel Bolques, Jr. would constitute an intrusion into the realm of the legislative branch of the government and therefore violate the separation of powers doctrine. The Court further recognizes that it has no authority to create an additional senatorial seat in the Legislature should it find Payne's expulsion was improper. On its own accord, the Court understands that it cannot compel the currently serving 35th Legislature to admit Payne into the office. Thus, on this issue the Court agrees with Defendants.

¶29. However, with respect to questions of law that touch upon V.I.R. Civ. P. Rule 19, the Court does not agree with the Defendants. The Legislature failed to argue either explicitly or implicitly that any of the unnamed senators claim a cognizable interest in this matter or that this Court's eventual determination of the Legislature's rights would somehow impair or impede an individually unnamed senator's ability to protect his or her purported interest. To the extent the Senate President or the Legislature argues that a determination of their rights is somehow hampered by Plaintiff's failure to individually name each senator, such an argument remains unavailing. There is no premise or basis to conclude that any of the individually unnamed senators claim an interest that is so situated that disposing of the action, as it the stands, would impede or impair the Legislature's ability to protect its interest. Defendants' arguments do not reflect that any of the individually unnamed senators claim an identifiable specific interest in these proceedings. Nor do they reflect how their individual absence

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory*
*as Senator and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

will prevent this Court from granting complete relief among existing parties. Afterall, the membership is inclusive of all fourteen (14) senators who voted against Payne. Finally, Defendants did not demonstrate to what extent or how a judgment rendered without the senators being specifically named would be prejudicial towards them since they are part of the membership. Nothing in the record supports such a proposition. Therefore, Defendants' assertions have no bearing on a Rule 19 analysis. Accordingly, no rights will be impeded or impaired, as neither the remaining thirteen (13) senators nor Bolques, Jr., are necessary under V.I.R. Civ. P. Rule 19(a)(1)(B)(i).

¶30. In opposition, Plaintiffs asserted that they met minimum pleading requirements in accordance with V.I.R. Civ. P. Rule 8(a) and properly served the opposing party under Rule 12(a)(2). Plaintiffs correctly argued that they were only required to file a "short and plain statement" of their complaint in compliance with the V.I.R. Civ. P. Rule 8(a)(1)(2),[16] which provides in pertinent part:

> "(a) Except as otherwise provided in these Rules, a pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief — because this is a notice pleading jurisdiction — and the pleading shall be set forth in separate numbered paragraphs as provided in Rule 10(b), with separate designation of counts and defenses for each claim identified in the pleading."

¶31. Considering that the Plaintiffs have also brought suit against the Membership of the 34th Legislature, the Court does not find that naming each senator individually makes a remarkable distinction between the membership and the naming of individual senators. The suit was brought

---

[16] Plaintiffs' Opposition to Defendant Donna Frett-Gregory's Motion to Dismiss, p.3.

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory*
*as Senator and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

against the 34th Legislature collectively, and each cause of action is brought as a result of concerted behavior, not personally to any senator. Neither does the Court find failure to name Angel Bolques, Jr. individually, amounts to failure to join an indispensable party. Plaintiffs properly presented a plain statement of causes of action and the basis for relief under the V.I.R. Civ. P. Rule 8(a) by asserting that Defendants have, collectively, violated external sources of law (i.e., beyond the Rules of the Legislature), implicating the United States Constitution and the ROA, when expelling Senator Payne from the 34th Legislature and ultimately disregarding voters' choice to have him as their representative at-large. Moreover, the evidence on the record supports finding that Plaintiffs' representations are more than naked assertions or conclusory statements deprived of any factual basis. Their assertion that section 6(g), the Legislature being the sole judge of the qualifications of its members, does not include the authority to expel, rises above the threshold of a naked assertion. Finally, allegations pleaded in the Plaintiffs' complaint and factual findings on the record are enough to raise a right to relief above the level of speculation. As such, the complaint is sufficient to allow the case to proceed and address pleadings based on the merits of the asserted claims.

32.    Plaintiffs further asserted the President of the 34th Legislature was not sued individually, but only in her official capacity as an "agent" of the Legislature. *Id.* As such, the 34th Legislature was collectively served through the Summons and Complaint upon Defendant Donna Frett-Gregory pursuant to V.I.R. Civ. P. 4(i)(4).[17] According to V.I.R. Civ. P. 4(i)(4),

> "In any lawsuit based upon any action, conduct or activity of the Legislative or Judicial Branches of the Government, the Executive Director of the Legislature or the Administrator of Courts shall be personally served with a summons and a copy of the complaint."

---

[17] Plaintiff's Opposition to the 34th Legislature's Motion to Dismiss, p. 3.

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory*
*as Senator and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

During the hearing, Plaintiffs posited that there are no indispensable individual parties in the context of V.I.R. Civ. P. Rule 19 and compared the 34th Legislature to a corporation, which can be served through its executive body.[18] Besides service upon the Senate President, service was properly effectuated upon the 34th Legislature as a separate Defendant, through the Executive Director, therefore the 34th Legislature has been properly joined particularly since no one is sued individually. Collectively, all are represented through membership.

¶33.   In evaluating the plain text of V.I.R. Civ. P. Rules 8(a) and 4(i)(4), the Court agrees with the Plaintiffs. Following the strict framework set forth in the above-referenced rules, Plaintiffs complied with the service of process requirements.   First, Plaintiffs filed a fully pleaded complaint seeking relief in the form of declaratory judgment that satisfies notice requirements in accordance with V.I.R. Civ. P. Rule 8(a)(2). Second, since Plaintiffs instituted the instant action against the 34th Legislature and its President, which comprise one legislative body, the process was proper under Rule 4(i)(4). The Court is unable to glean any procedural exceptions that would require Plaintiffs to individually join all fourteen (14) members of the 34th Legislature. Therefore, Plaintiffs joined all the necessary parties as required under the rules of civil procedure. For the reasons given above, the Court finds that the Defendants have failed to meet their burden for dismissal on a rule 12(b)(7) motion.

### C. Concerns Over Violations of the "Speech or Debate" Clause of Section 6(d) of the Revised Organic Act.

¶34.   This case serves as an example of the fine line of the intersection of politics and law that poses a challenge for courts. As the Court is mindful of this intersection, it will meticulously consider the issues raised by the Defendants. In their motion to dismiss, Defendants averred that Plaintiffs' lawsuit

---

[18] Transcript, at p. 96:7-25; see also at p. 97:1-6.

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory*
*as Senator and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

was filed in violation of the "Speech or Debate" protection afforded to the members of the Virgin Islands Legislature by Section 6(d) of the ROA.[19] Section 6(d) of the Revised Organic Act provides in pertinent part:

> "No member of the Legislature shall be held to answer before any tribunal other than the legislature for any speech or debate in the legislature..."

The "Speech or Debate" Clause of the Revised Organic Act is worded similarly to the Speech or Debate Clause of the United States Constitution which provides that "for any Speech or Debate in either House, they [Members of Congress] shall not be questioned in any other place." U.S. Const. art. 1, § 6. Because the policies underlying the "Speech or Debate Clause" of the United States Constitution and the Speech or Debate Clause of the Revised Organic Act are also closely parallel, the Third Circuit Court of Appeals has found "that the interpretation given to the Speech or Debate Clause of the Federal Constitution, while not dispositive as to the meaning of the legislative immunity provision of the Virgin Islands, is, nevertheless, highly instructive." *Government of the Virgin Islands v. Lee*, 775 F.2d 514, 520 (3d Cir.1985).

¶35. The Supreme Court of the Territory of Guam likewise noted the similarity in wording and underlying policy between the United States Constitution's "Speech or Debate" Clause and the "Speech or Debate" Clause of the Organic Act of Guam, 48 U.S.C. § 1423c(b), which is nearly identical to the "Speech or Debate" Clause of the Virgin Islands Revised Organic Act of 1954. *See Hamlet v. Charfauros*, 1999 Guam 18. 1999 WL 359191, *2 (Guam Terr. June 4, 1999). The court took guidance from case authority interpreting the United States Constitution's provision in its interpretation of the "Speech or Debate" Clause of the Organic Act of Guam. *Id.*

¶36. This Court will follow the course charted by the Third Circuit and the Guam Supreme Court

---

[19] Defendant Donna Frett-Gregory's Motion to Dismiss, p. 13.

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory*
*as Senator and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

by considering the case precedent interpreting the "Speech or Debate" Clause of the United States Constitution in determining whether the senators are immune from suit in this case. The "Speech or Debate" Clause absolutely bars members of Congress from suits for either prospective relief or damages, so long as they are engaged in the sphere of legitimate legislative activity. *Eastland v. United States Servicemen's Fund,* 421 U.S. 491, 501–503, 95 S.Ct. 1813, 44 L.Ed.2d 324 (1975). Accordingly, "the purpose of this immunity is to ensure that the legislative function may be performed independently without fear of outside interference." *Supreme Court of Virginia v. Consumers Union of U.S., Inc.,* 446 U.S. 719, 731, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980).

¶37.   For the Virgin Islands Legislature to carry the burden of defending itself or to bear the consequences of litigation's results, it would be forced to divert its attention from their legislative tasks in serving the people of the territory. Thus, guided by the interpretation of the "Speech or Debate" Clause of the United States Constitution, this Court finds, that, as a general rule, so long as the Virgin Islands legislators are engaged in the sphere of legitimate legislative activity, they are immune from suit, including actions seeking damages, as well as those seeking only declaratory or injunctive relief. *Hispanos Unidos v. Gov't of U.S. Virgin Islands,* 45 V.I. 619, 622, 314 F. Supp. 2d 501, 503–04 (D.V.I. 2004).

¶38.   The movants posit that Section 6(d) of the ROA immunizes all members of the 34th Legislature from liability for their votes, as well as from any judicial inquiry as to their motives in relation to the business on the Senate floor that resulted in expulsion of Senator Payne. *Id., citing Lewis v. Legislature of the V.I.,* 44 V.I. 162, 165 (terr. Ct. 2022); *see also Eastland v. U.S. Servicemen's Fund* at 503. Defendants argued that under the "Speech or Debate" Clause, all fourteen (14) members of the 34th Legislature were entitled to be skeptical regarding Payne's testimony to the Committee on

Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory
as Senator and President of the 34th Legislature et al.
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

Ethical Conduct and question his motives in relation to "Jane Doe".[20] In other words, members of the Senate were free to discredit Payne's testimony during the investigative and disciplinary hearing on the Senate floor. *Id* at pp. 7-8. For the reasons stated above, Defendants contested that this Court is not at liberty to come to a contrary conclusion, or "re-weigh" the testimony provided before the Senate by Senator Payne. *Id.* At this juncture, the Court agrees with the Defendants with respect to senators' autonomy to express their opinion during the hearing of Payne's matter and vote on the Senate floor.

¶39.     Further, Defendants relied on *United States v. Menendez*, 831 F.3d 155 (3d Cir. 2016) by arguing that the "Speech or Debate" privilege protects their "legislative act" that resulted in expulsion of Senator Payne.[21] Under *Menendez*, to determine whether the legislative act is capable of such protection, the Courts follow the two-step framework. *Id.* First, they look to the form of the act to determine whether it is inherently legislative or non-legislative. *Id.* Some acts are clearly legislative in nature, that no further examination has to be made as to determine their appropriate status. *Id.* Examples of "manifestly legislative acts" include introducing and voting on proposed resolutions and legislation, introducing evidence and interrogating witnesses during committee hearings, subpoenaing records for committee hearings, inserting material into the Congressional Record, and delivering a speech in Congress. *Id.* And even though "such manifestly legislative acts may have been pursued and accomplished for illegitimate purposes, such as personal gain, the acts themselves are obviously legislative in nature." *Id.* Thus "an unworthy purpose" does not eliminate Speech or Debate protection. *Id.*

¶40. Second, if an act is neither manifestly legislative nor clearly non-legislative, then it is ambiguously legislative, and we proceed to the second step of the Speech or Debate analysis. *Id.*

---

[20] Defendants' Consolidated Reply, p. 6.

[21] Transcript, at pp. 55-57.

Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory
as Senator and President of the 34th Legislature et al.
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

There we consider the content, purpose, and motive of the act to assess its legislative or non-legislative character. *Lee at* 521 (3d Cir. 1985). Ambiguously legislative acts—including trips by legislators and informal contacts with the Executive Branch—will be protected or unprotected based on their particular circumstances. *See id.* at 524. In *Lee*, for example, a legislator from the Virgin Islands faced criminal charges for a trip he took supposedly on the Government's behalf. *Id.* Lee argued that legislative immunity barred the prosecution because he engaged in legislative fact-finding during the trip. *Id.* [The court] first explained that there was nothing inherently legislative or non-legislative about the trip because it was only legislative to the extent it "involved legislative fact-finding." *Id.* at 522. Rather, "[i]t is the content of Lee's private conversations, and not the mere fact that the conversations took place, that determines whether Lee is entitled to legislative immunity." *Id.* We then determined that Lee's conversations were not "in fact ... legislative in nature so as to trigger the immunity." *Id.* To reach that conclusion, we considered "the content of Lee's private conversations" and his "purpose or motive" for engaging in them. *Id.* at 522–24.

¶41. Applying the first step of the standard provided in *Menendez*, the movants put forth the procedure employed and the decision of the 34th Legislature to expel Payne was proper and constituted a "manifestly legislative conduct" that consisted of introducing and adopting Bill No. 34-0287 and Amendment No. 34-588. *Id.* at p. 58, lines 4-11. Defendants further posited that the hearings held before the committee were consistent with the Rules of the 34th Legislature. *Id.*, at p. 58, lines. 11-14. Therefore, all questions and interrogations before the Senate were part of the legislative process protected under the "Speech or Debate" Clause. *Id.*, at lines. 14-19. The ultimate decision to expel Payne on July 20, 2022, was made during a regularly scheduled Senate session in [the] course of legislative business. *Id.* at pp. 58-59. Therefore, the first step of the *Menendez* analysis is satisfied. With respect to the second step, this Court finds that since all the indicators on the record

22

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory*
*as Senator and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

leave no doubt that the act of the 34th Legislature was purely legislative in nature, the second step of the analysis is not feasible.

¶42. In addition to *Menendez*, the Defendants supplemented their arguments by relying on *Lewis v. Legislature of Virgin Islands*, 44 V.I. 162, 165 (Terr. V.I. 2002) and asserting that the Territorial Court in that case did not inquire into the legislative action at issue – namely, the consideration and passage of zoning legislation – even though the Plaintiffs contended that a legal variance was invalid. *Id.*, at p. 60, lines 1-23. The Court held that "purely legislative actions" are not subject to review by the judiciary. *Id.* The Court concluded that the validity of the variance in question must be determined without subjecting the Legislature to litigation and subsequently granted the Legislature's motion to dismiss. *Id.* In its reasoning, the Court pointed out that the purpose of the legislative immunity under the premises of the "Speech or Debate" Clause is to prevent "intimidation of legislators by the Executive and accountability before a possibly hostile judiciary." *Id.*, *citing Tenney v. Brandhove*, 341 U.S. 367, 372–5, 71 S.Ct. 783 (1951)). At the conclusion of their arguments, Defendants posited that they should not stand before this Court and subject themselves to an attack for their vote in the course of their regular legislative business that was accompanied by a proper procedure. *Id.*, at p. 63, lines 1-20.

¶43. In response, Plaintiffs countered that the 34th Legislature and its President have been sued only in conjunction with their collective "arbitrary, capricious, and illegal action in violation of the Revised Organic Act by incorrectly assuming an unfounded ability to expel a duly elected member."[22] Plaintiffs challenged Defendants' immunity under the "Speech or Debate" clause by arguing that Section 8(a) of the ROA limits the Legislature's authority and power to "all rightful subjects of

---

[22] Plaintiffs' Opposition to Defendant Donna Frett-Gregory's Motion to Dismiss, p. 3.

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory*
*as Senator and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

legislation not inconsistent with this Act or the laws of the United States made applicable to the Virgin Islands."[23] In other words, the immunity extends only to the legislative process and does not prohibit inquiry into the Legislature's actions on the floor. *Id.* As such, the Legislature is not immune against the inquiry regarding the expulsion of Plaintiff Payne. *Id.* Finally, Plaintiffs asserted that they are not seeking any other remedy at this juncture, other than a declaratory judgment that Payne's expulsion was illegal.[24]

¶44. Here, the Defendants do not enjoy absolute immunity from standing trial, especially when constitutional concerns are involved. The United States Supreme Court has announced the general duty of the judicial branch to review compliance of other branches of government with the Constitution and laws. The Court in *Powell v. McCormack*, 395 U.S. 486, 89 S. Ct. 1944 (1969) stated the following:

> "Especially is it competent and proper for this court to consider whether its [the legislature's] proceedings are in conformity with the Constitution and laws, because, living under a written constitution, no branch or department of the government is supreme; and it is the province and duty of the judicial department to determine in cases regularly brought before them, whether the powers of any branch of the government, and even those of the legislature in the enactment of laws, have been exercised in conformity to the Constitution; and if they have not, to treat their acts as null and void."

*citing Kilbourn v. Thompson*, 103 U.S. 168, 199 (1881). This announcement provides the authority for the rationale that a grant of power to any branch of government to engage in certain activity is not a license to violate the Constitution or laws. *See Bryan v. Liburd*, 35 V.I. 46, 54 (Terr. V.I. 1996). When such violation is alleged, it is the duty of the judiciary to decide whether the challenged activity

---

[23] Plaintiff's Opposition to the 34th Legislature's Motion to Dismiss, p. 4.
[24] Transcript, at p. 105:18-25.

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory*
*as Senator and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

was in compliance with the Constitution or laws. *Id.*

¶45.    Here, Payne alleged that his procedural due process rights under the Fourteenth Amendment, to name the least, were violated when the 34th Legislature expelled him from the office. The Fourteenth Amendment, Section I provides:

> "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

First, Payne argued that the 34th Legislature did not have any power under Section 6(g) of the ROA to expel him, because the provision itself renders the Legislature exclusive power to judge the elections and its members' qualifications to hold the office, but the language of Section 6(g) is silent on matters relating to expulsion. Second, Plaintiffs elaborated that the 34th Legislature's decision to expel Payne violated his procedural due process rights after the Committee on Ethical Conduct already recommended punishment in the form of suspension and letter of reprimand and the 34th Legislature agreed to it, but then imposed greater punishment. A determination of whether there was violation of due process rights can only be addressed after weighing the evidence, therefore dismissal would be premature.

¶46.    For the reasons stated above, the Court is not barred from review of the instant matter based on the "Speech or Debate" clause when constitutional matters are called into question. As explained above, the issues raised by the Plaintiffs and evidence on the record present sufficient grounds for this Court to inquire into whether the procedures employed by the 34th Legislature complied with, not its Rules, but the federal Constitution, the Revised Organic Act, and Virgin Islands law. As the U.S.

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory*
*as Senator and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

Supreme Court stated, no branch of department or government is supreme under a written constitution that is the supreme law and as guardian of the Revised Organic Act and the U.S. Constitution, this Court is compelled to review whether the 34th Legislature's actions in Payne's matter were in compliance.

¶47.  On the validity of the internal rules of the 34th Legislature that provide for expulsion, Defendants argued that according to *Brown v. Hansen*,[25] it has been determined there is no violation of internal legislative rules which present non-justiciable political questions as long as "external sources of law" are not violated. As such, the Defendants should not stand before the Court for violations of their internal legislative rules, if any. *Id.* The Court agrees with the Defendants but notes that neither the Plaintiff nor the Court has addressed issues related to the internal rules of the 34th Legislature.

¶48.  The pivotal issue is whether the 34th Legislature statutorily "had the ability" to expel Senator Payne in the first place.[26] First, Plaintiffs argued that the Revised Organic Act does not authorize the Virgin Islands Legislature to impose sanctions upon its members. *Id.* Thus, the internal rules of the 34th Legislature authorizing expulsion of its members violate the provisions of the ROA. *Id.* Although Plaintiffs acknowledge that the Legislature "shall be the sole judge" of qualifications of its members, Section 6(g) of the ROA does not explicitly authorize expulsion. *Id.* Section 6(g) provides, in pertinent part:

> The legislature shall be the sole judge of the elections and qualifications of its members, shall have and exercise all the authority and attributes, inherent in legislative assemblies, and shall have the power to institute and conduct investigations, issue subpoena to witnesses and other parties concerned, and administer oaths.

[25] 973 F. 2d 1118(1992).

[26] Plaintiffs' Opposition to Defendant Donna Frett-Gregory's Motion to Dismiss, p. 2.

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory*
*as Senator and President of the 34ᵗʰ Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

Second, Plaintiffs agreed with the Defendants to the extent that Payne was initially qualified to hold the office under Section 6(b) of the ROA at the time he was elected, however, they posited that Senator Payne did not commit a crime that would justify his "disqualification" or "expulsion" by the statutory standards.[27] As a result, his expulsion was illegal. *Id.*

¶49.    During the January 10, 2023 hearing, Plaintiffs also argued that in *Brown*, the Supreme Court held that the legislature may not by its own rules ignore constitutional restraints or violate fundamental rights, and there should be a reasonable relation between the mode or method or proceeding established by the rule and the result which is sought to be attained. *Brown at* 1122. *See also Transcript of Motion Hearing* at p. 91, lines 1-20. Therefore, the 34ᵗʰ Legislature is the "sole judge" of qualifications of its members as long as it operates under the constitutional restrictions as stated in *Powell*.

¶50.    With respect to the wording and *telos* of Section 6(g) of the ROA, Payne posited that the Revised Organic Act is silent on how a member of the Legislature becomes "unqualified." *Id.*, at p. 92, lines 12-19. Had the ROA permitted expulsion, it would explicitly delegate such power to the Legislature in its text. *Id.* By correctly referencing the text of the U.S. Constitution as standard for interpretation for the ROA, Payne argued that unlike in the ROA, both Houses of Congress have that specific power to expel a member of Congress through votes of two-thirds of majority. *Id.* Since neither the express language nor the spirit of Section 6(g) of the ROA demonstrate that the norm is not the expulsion clause, it is appropriate to consider Section 12 of the ROA, a recall, of any elected official. *Id.*, at p. 93, lines 4-12. Finally, Plaintiffs argued that it is a direct violation of the ROA to expel a member of the Senate three months prior to the election [or] within their first year of service

---

[27] Plaintiffs' Opposition to Defendant Donna Frett-Gregory's Motion to Dismiss, pp. 3-4.

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory*
*as Senator and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

in the Senate. *Id.*, at p. 93, lines 14-22. *See ROA, § 12( c)(6)*.

¶51. Finally, Defendants argued during the hearing that even though Section 6(g) of the ROA does not explicitly mention the expulsion of a member-elect, it implies that the framers of the Revised Organic Act intended for the Legislature to have the authority to expel.[28] Defendants cited fn. 6 in *Mapp* that addressed an opinion by the Virgin Islands district court that said:

> "In view of the absence of any express procedural limitations relating to the expulsion of members from the Legislature, we must conclude that the framers of the Revised Organic Act intended to leave those procedures exclusively to the Discretion of the Legislature. This conclusion is reinforced by the Organic Act's designation of the Legislature as the "sole judge" of its member's qualifications."
>
> [***]
>
> "This is not to say that a court is powerless to consider a removal said to be based on a member's lack of standing qualifications when there is a mere sham or fraud without any basis in fact..." *Id.*

¶52. With respect to justiciability of the given issue in conjunction with the legislative functions under Section 6(g) of the ROA, the violations alleged in Plaintiffs' complaint involve civil liberties, because Payne seeks declaratory judgment and damages under Section 2(d). Under *Bryan v. Liburd*, constitutional protections of these liberties would be nonexistent if any branch of government could ignore them pursuant to an alleged grant of exclusive power. The institutional competence of courts in the field of constitutional and statutory law is well established. *Id.* Accordingly, this Court concludes although Section 6(g) of the ROA confers broad powers upon the legislature to determine what procedures to utilize in disciplining its members, those powers are not exclusive and final. *Id.* The *Bryan* court opined that the procedures utilized may not transcend constitutional or statutory limitations that are clearly in dispute. Further, it is the duty of the courts to monitor compliance with

---

[28] Transcript, pp. 74-75:12-24, 1-25.

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory*
*as Senator and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

those limitations. *Id.* Since Plaintiffs raised allegations of constitutional and statutory violations, the propriety of Payne's expulsion from the office is a justiciable issue regardless of whether he prevails on the merits or not.

### 1. Constitutional premises of expulsion of an elected official.

¶53.    In order to determine the scope and meaning of "sole judge of qualifications of its members" under Section 6(g) of the ROA, this Court must examine the historical background and congressional application of Art. I, Section 5 of the Constitution, a premise that laid a foundation for Section 6(g) of the ROA and bears similar meaning. It is appropriate to analyze historical developments to determine the true intent of the framers of the U.S. Constitution. Therefore, as the matter is justiciable dismissal would be inappropriate.

### 2. Functional equivalent of Section 6(g) of the ROA in other U.S. jurisdictions.

¶54.    In order to understand Section 6(g) of the ROA better, it is also important to interpret similar enactments in other U.S. jurisdictions. Out of 50 states and five territories and possessions of the United States, only seven states, New York, South Carolina, Alaska, Massachusetts, New Hampshire, and Minnesota; and two territories, Guam and the U. S. Virgin Islands, mention that the legislature shall be the "sole judge" of its members' qualifications. The remaining majority of other United States jurisdictions, however, provide for in their state and territory constitutions similar wording with regards to the expulsion of a member of the legislature:

> "Each House shall have power to determine the rules of its proceedings and punish its members or other persons for contempt or disorderly behavior in its presence, to enforce obedience to its process, to protect its members against violence or offers of bribes or private solicitation, and, with the concurrence of two-thirds, to **expel** a member, but not a second time for the same cause, and shall have all other powers necessary for the Legislature of a free State. A member **expelled** for corruption shall not thereafter be eligible to either House, and punishment for contempt or disorderly

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory*
*as Senator and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

behavior shall not bar an indictment for the same offense."[29]

Evidently, the preceding language is unequivocal as it relates to the punishment of legislative members which leaves no room for ambiguity such as what constitutes being the "sole judge of the elections and qualifications of its members" particularly if the Revised Organic Act of the Virgin Islands specifically provides a remedy for removal of an elected official from the Senate; to wit, recall election initiated by a two-thirds vote.

### 3. Expulsion of Senator Payne from the Senate pursuant to Section 6(g) of the ROA.

¶55.     This Court notes that on numerous occasions, Defendants averred that the Legislature has the power to expel a member who "loses" their "qualification" during their time in the office as a result of a felony conviction.[30] As such, Defendants imply that Payne's alleged sexual misconduct towards "Jane Doe" justifies such measure.  The Court is unaware of any such criminal conviction as a result of these allegations of sexual misconduct. As Plaintiffs has put forth during the January hearing, the Investigative Report Revised (April 13, 2022) prepared by investigators did not find that sexual harassment took place. *Id.*, at p. 102, lines 1-8.  Considering this, the Court is obligated to address these issues only upon an evidentiary hearing as the Fifth and Fourteenth Amendments guarantee that no person shall be deprived of "life, liberty, or property, without due process of law ...." U.S. Const, amends. V, XIV. Pursuant to 48 U.S.C. § 1561, the equal protection and due process clauses of the Virgin Islands Bill of Rights provide as follows: "[n]o law shall be enacted in the Virgin Islands which shall deprive any person of life, liberty, or property without due process of law or deny to any person therein equal protection of the laws." V.I.C. Rev. Org. Act of 1954, § 3. Several key phrases—such

---

[29] Constitution of the Commonwealth of Pennsylvania, Art. II, Section 11.

[30] Transcript, p. 80:1-14.

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory*
*as Senator and President of the 34ᵗʰ Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

as "due process of law" and "equal protection of the laws"—appear in both provisions. *Balboni v. Ranger Am. of the V.I., Inc.*, 70 V.I. 1048, 1062, 2019 V.I. 17, ¶ 14 (2019).

¶56.    Procedural due process generally guarantees an individual the right to notice, fair procedures, and a hearing before a neutral decisionmaker. *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976). Procedural due process "is flexible and calls for such procedural protections as the particular situation demands." *Id. (quoting Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)).

¶57.    Defendants allege, *inter alia*, that Plaintiffs never properly presented their constitutional due process challenges to the Legislature or in the alternative, they waived them.[31] Citing *Bryan v. Liburd*, Defendants further argued there is no due process right or entitlement to the office of Senator and salary that goes with it under the 5ᵗʰ and 14ᵗʰ Amendments, as such, no due process challenge is cognizable by the Plaintiffs. *Id.* Moreover, all charges that were brought against Payne were specific, substantiated, and were properly addressed with sufficient notice. *Id.* Defendants' next argument was that Payne was given an opportunity to speak and defend himself before the Senate and/or the Committee on Ethical Conduct, however, he failed to do so and they further provided examples to support their contention. *Id.* One such example proffered is when Plaintiffs' counsel submitted two (2) memoranda to the Committee on Ethical Conduct, they failed to bring any constitutional due process challenges.[32] In Plaintiffs' first memorandum following the preliminary inquiry dated May 20, 2022, Plaintiffs barely addressed their concerns as to "vagueness" and "overbreadth" of Rules 801 and 802 of Rules of the Legislature without properly citing any legal authority.[33] As for Plaintiffs' second memorandum dated June 29, 2022, that followed "Jane Doe's" testimony and the Committee's

---

[31] Defendant Donna Frett-Gregory's Motion to Dismiss, p. 17-18.

[32] *Ibid*, pp. 18-19.

[33] Defendant Donna Frett-Gregory's Exhibit 3 at p. 1; *See also* Transcript of the January 10, 2023, hearing, p. 41, paras. 1-6.

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory*
*as Senator and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

Statement of Charges, Plaintiffs yet again failed to raise any due process concerns based upon vagueness and overbreadth of the aforementioned rules.

¶58.    Plaintiffs countered that when the 34th Legislature disregarded the recommendation of the Committee to suspend and ultimately determined to expel Senator Payne from the Senate, it was a total and complete disregard of his due process rights under the Constitution of the United States of America and the ROA *per se*.[34] Additionally, Plaintiffs argued that Defendants not only violated the constitutional provisions, but also violated Plaintiff Payne's due process rights under 14 V.I.C. § 104 by disregarding initially proposed sanction of suspension and a letter of reprimand and imposing a greater punishment of expulsion instead. *Id.,* at p. 2. As Plaintiffs have demonstrated, on July 19, 2022, the Committee presented Bill No. 34-0287 recommending a fifty (50) day suspension period and the letter of reprimand. The following day, July 20, 2022, Amendment No. 34-588 provided for an expulsion of Senator Payne from the Legislature instead. *Id.* Additionally, Plaintiffs argued that the constitutional challenges were properly and timely raised in the course of the instant litigation. *Id.,* at p. 4; *see also* Transcript, at p. 116, lines 22-25. Finally, Plaintiffs asserted that Payne is entitled to his salary because it was illegally taken away from him as a result of his illegal expulsion. *Id.,* at p. 117, lines 11-18.

¶59.    Before considering the adequacy of the process, this Court must determine whether due process requirements are applicable. They would apply only where an interest protected by the Fourteenth Amendment can be identified. *Bryan v. Liburd (citing Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 571, 92 S. Ct. 2701, 2706 (1972)). The Fourteenth Amendment provides in pertinent part:

---

[34] Plaintiffs' Opposition to Defendant Donna Frett-Gregory's Motion to Dismiss, p. 4.

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory*
*as Senator and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

"... nor shall any State deprive any person of life, liberty, or property, without due process of law..."

¶60.    In *Taylor v. Beckham*, 178 U.S. 578 (1900), the Kentucky General Assembly adopted the findings of the election board that the defendants governor and lieutenant governor-elect were erroneously declared as winners. The defendants claimed, *inter alia*, that they were being deprived of their property (elected offices) without due process of law. Specifically, they alleged that the Assembly met without notice to them or an opportunity to be heard. The Supreme Court concluded that no right secured by the Fourteenth Amendment was violated. The same holding was repeated by the Supreme Court in *Snowden v. Hughes*, 321 U.S. 1, 64 S. Ct. 397, 88 L. Ed. 497 (1944), where it said:

> "More than forty years ago this Court determined that an unlawful denial by state action of a right to state political office is not a denial of a right of property or of liberty secured by the due process clause."

¶61.    With respect to double jeopardy violations in conjunction with constitutional due process considerations, Payne parallels sanctions directed against him with 14 V.I.C. § 104 by pointing out that the Legislature punished him twice for the same offense. This Court disagrees for two reasons. First, 14 V.I.C. § 104 is inapplicable. Section 104 provides, "an act or omission which is made punishable in different ways by different provisions of this Code may be punished under any of such provisions, but in no case may it be punished under more than one. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other." The Court discovered no such precedent that involves the application of § 104 to a civil matter, neither has Plaintiff presented any such *stare decisis*. And, even if § 104 was hypothetically applicable here, the Plaintiff's argument would fail because by passing the second resolution aiming to expel Senator

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory*
*as Senator and President of the 34th Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

Payne, the Legislature had effectively stricken down the first resolution with a lesser punishment. Furthermore, contrary to Plaintiffs' belief, the Court has found no rule or law that obligated the Legislature to follow the Committee's recommendations for sanctions and did not oblige the Legislature to follow the recommendation. Therefore, the Legislature's second resolution did not violate the "spirit" of Section 104.

### D. Damages Under Section 2(b) of the Revised Organic Act.

¶62. Defendants maintain that Count III of the Complaint must be dismissed because the Senate President, other Senators, as well as the 34th Legislature as a body, are immune from an award of damages resulting from official acts under Sections 2(b) and 6(d) of the ROA.[35] They posit that no consent to suit has been granted by the Senate President, or any other Senator, or by the V.I. Legislature, and none is alleged by the Plaintiff. *Id.* Section 2(b) of the Revised organic Act provides:

> "The government of the Virgin Islands shall have the powers set forth in this Act and shall have the right to sue by such name and in cases arising out of contract, to be sued: Provided, that no tort action shall be brought against the government of the Virgin Islands or against any officer or employee thereof in his official capacity without the consent of the legislature constituted by this Act[.]"

¶63. In response, Plaintiffs referred to their Complaint by stating that Payne is entitled to compensation as a duly elected Senator.[36] Namely, because the 34th Legislature chose an illegal remedy – expulsion, Plaintiff Payne was illegally deprived of his salary.[37] At this point, the record is not clear as to whether Plaintiff is still maintaining this argument with regards to salary, therefore this matter can only be decided after the merits have been considered.

---

[35] Defendant Donna Frett-Gregory's Motion to Dismiss, pp. 17-18.

[36] Plaintiffs' Opposition to Defendant Donna Frett-Gregory's Motion to Dismiss, p. 4.

[37] Transcript, p. 117:11-18.

*Senator Steven D. Payne, Sr. et al. v. Donna Frett-Gregory*
*as Senator and President of the 34ᵗʰ Legislature et al.*
Case No. ST-22-CV-247
Memorandum Opinion

Cite as: 2024 V.I. Super 4

## IV.    CONCLUSION

¶64.    For the reasons explained above, the Court will deny Defendants' motions to dismiss. Given all the arguments raised by the Defendants, they do not dispel the singular and most important issue raised by the Plaintiffs, i.e., whether the 34ᵗʰ legislature violated Section 6(g) of the ROA upon expelling the Senator. Thus, the motions to dismiss shall be denied. An appropriate Order shall follow.

Dated: January 18, 2024

**Renée Gumbs Carty**
Senior Sitting Judge, Superior Court
of the Virgin Islands

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
        Donna D. Donovan
        Court Clerk Supervisor  01 / 18 / 2024

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN
*******

SENATOR STEVEN D. PAYNE, SR.,
an Elected Member of the 34th Legislature and
Ms. Noellise Powell,

        Plaintiffs,

        v.

DONNA FRETT-GREGORY as Senator and
President of the 34th Legislature of the Virgin
Islands and its Membership,

        Defendants.

CIVIL NO. ST-22-CV-00247

ACTION FOR DAMAGES,
DECLARATORY JUDGMENT
and INJUNCTIVE RELIEF

Cite as: 2024 V.I. Super 4

## ORDER

**THIS MATTER** is before the Court on the motions to dismiss filed by Defendants Donna Frett-Gregory, as Senator and the President of the 34th Legislature and the Membership of the 34th Legislature filed on August 10, 2022, and September 30, 2022, respectively. The premises considered and in accordance with the Memorandum Opinion of even date, it is hereby

**ORDERED** that Senate President Donna Frett-Gregory's motion to dismiss is **DENIED**, and it is further

**ORDERED** that the 34th Legislature of the Virgin Islands and its Membership's motion to dismiss is **DENIED**; and it is further

**ORDERED** that copies of this Order shall be directed to the parties of record.

Dated: January ⁄8 , 2024

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
    Donna D. Donovan
    Court Clerk Supervisor 01/ 18/ 2024

**Renée Gumbs Carty**
Senior Sitting Judge, Superior Court
of the Virgin Islands

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
January 18, 2024 11:24 AM
ST-2022-CV-00247
**TAMARA CHARLES**
**CLERK OF THE COURT**

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| SENATOR STEVEN D. PAYNE, SR., an ) <br> Elected Member of the 34th LEGISLATURE and) <br> MS. NOELLISE POWELL ) <br> ) <br>            Plaintiffs, ) <br> v. ) <br> ) <br> DONNA FRETT-GREGORY as SENATOR and) <br> PRESIDENT of the 34th LEGISLATURE OF ) <br> THE VIRGIN ISLANDS and THE 34TH ) <br> LEGISLATURE, ) <br>            Defendants. ) <br> ) | CIV. NO. ST-2022-CV-00247 <br> <br> ACTION FOR DAMAGES, <br> DECLARATORY JUDGMENT <br> and INJUNCTIVE RELIEF |

## ORDER

This matter came before the Court on the Legislature's Motion for Stay Pending Consideration by Supreme Court of Application to Transfer ("Motion for Stay"). The Court has not received a response from the Plaintiff. Accordingly, it is hereby

**ORDERED** that Legislature's Motion for Stay is hereby **GRANTED**, and it is hereby further

**ORDERED** that the above-captioned matter is **STAYED** pending resolution of the Supreme Court; and it is further

*Payne v. Legislature*
*Order*
*Page 2*

        **ORDERED** copies of this Order shall be directed to the parties of record.

        **SO ORDERED** this _18_ day of January, 2024.

                                       **RENÉE GUMBS CARTY**
                                **Senior Sitting Judge of the Superior**
                                   **Court of the Virgin Islands**

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

By_____  01/18/2024
    Donna D. Donovan
    Court Clerk Supervisor

cc:    Treston Moore, Esq.
       Joseph B. Arellano, Esq.